To Clerk of Court
RE: CLARK -V- First Correctional Medical ETAl
Correctional Medical Systems!
Civil Act: 06-465 -S.L.R. Judge Sue LeRob-
binson. - Judge Mrs Sue L. Robinson.

Dear Sir I I just want to amend
it so it will be Ready when I goe to Trial.

Thank You!

Sincerly
Ingelod Clark
123209H



O6cv465 SLR

FILED

OCT 1 0 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

*Date: 07/25/2006*

*a u 4*

## GRIEVANCE REPORT

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** CLARK, ANGELO L | **SBI#** : 00123209 | **Institution** : DCC |
| **Grievance #** : 54703 | **Grievance Date** : 06/30/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date :** |
| **Grievance Type:** Medical Staff | **Incident Date** : 06/30/2006 | **Incident Time :** 19:00 |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 23, Upper, Tier C, Cell 4, Bottom | |

| OFFENDER GRIEVANCE DETAILS |
|---|

**Description of Complaint:** Inmate claims: (Verbatim) Nurse 'Quannie" Neal, was dispensing med's on-C-pod chronic care unit, and she gave me to much blood pressure med's to kill a horse, and she did the dame thing Teusday evening and I consulted, Mr Finney and he told me the problem was resolved, and I even told Nurse Becky about Quannie Neal Inadequeat Behavior. C/O Reggie White slammed the cell door in my face, He said they were in a hurry.

**Remedy Requested** : Ive repeitely has told medical staff about Mrs Neal not proffessional attide. I fear for my life

| INDIVIDUALS INVOLVED | | |
|---|---|---|
| **Type** | **SBI #** | **Name** |

| ADDITIONAL GRIEVANCE INFORMATION | |
|---|---|
| **Medical Grievance :** YES | **Date Received by Medical Unit :** 07/25/2006 |
| **Investigation Sent :** 07/25/2006 | **Investigation Sent To** : Rodweller, Deborah |
| **Grievance Amount :** | |

**DCC  Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 07/25/2006

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** CLARK, ANGELO L | **SBI#** : 00123209 | **Institution** : DCC |
| **Grievance #** : 54703 | **Grievance Date** : 06/30/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Medical Staff | **Incident Date** : 06/30/2006 | **Incident Time :** 19:00 |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 23, Upper, Tier C, Cell 4, Bottom | |

| INFORMAL RESOLUTION | |
|---|---|
| **Investigator Name** : Rodweller, Deborah | **Date of Report** 07/25/2006 |

**Investigation Report :**

**Reason for Referring:**

Offender's Signature: _____

Date        : _____

Witness (Officer)  : _____

FORM #585

## MEDICAL GRIEVANCE

ß-10

FACILITY: _D.C.C._     DATE SUBMITTED: _2-6-06_

INMATE'S NAME: _Angelo Lee Clark_     SBI#: _123209_

HOUSING UNIT: _Bldg #17 - SHa - B-L-10 cell_   CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: _2-6-06_

TYPE OF MEDICAL PROBLEM:

_I immate, Angelo Lee Clark, started having Chest pains, and all at the same time my head, started with such pain that I thought my head was going to blow up, and it. The chest pain and head was going on for several hours. And Juannie came on at 4:00 P.M. I told her how I was feeling and at the same time asked her where is my medical, and incident report papers were at, and she told me I had to wait, so I refused my meals._

GRIEVANT'S SIGNATURE: _Angelo L Clark_     DATE: _2-6-06_

ACTION REQUESTED BY GRIEVANT: _Personally I feel as though the nurses that work for C.M.S the medical provider, are trying to poison me. And I fear for my life. I'm going to send a copy to lawyer, and Ruth Ann Minnser, and beura chief._

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

RECEIVED

FEB 13 2006

Inmate Grievance Office

**Instructions for Submitting a Regular Grievance**

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ Disciplinary Action        _____ Parole Decision        _____ Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____ .

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*You have not made a request. You have use the action Requested area to continue your statement*

FEB 1 3 2006

_____                    _____
Inmate Grievance Chairperson                                           Date

*What do you want?*

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: D.C.C.                          DATE: 3/29/06

GRIEVANT'S NAME: Angelo L. Clark    SBI#: 129209

CASE#: 31485                              TIME OF INCIDENT: 2:30 P.M

HOUSING UNIT: Bldg # B-L-10  Shu

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

AT The Above DATE AND Time I hAD A 2:30 P.M LegAl cAll
To my Attorney, Micheal Modica, AND iT WAS ApprovED
by Lt Cessna Shift CommANDer, AND C/O Joe Pomella
Told C/O TinA Wus, ThAT, They WAs SupposED To
TAKE ME To The LT's office AND Sgt TrAvis SAID Lt
HArvey SAID No, AND C/O Joe Pomella SAID ThAT He
DiDNT AppreciATE The WAy They DonE ME, So put Him
DoWN As A WiTNESS, AND C/O William ADAMS SAID
ThAT He WoulD bE A WiTNESS For ME, The WAy They HANDlED
My LegAl issuES, The Whole 8-4 ShiFT iN Bldg # 17 Shu

ACTION REQUESTED BY GRIEVANT: I Wish ThAT The Whole '8-4' ShiFT
ON 3-29-06 is DisiplinED VERY HArsh AND REpre-
MANDED To The PoiNT, WhERE These PERPostArous
AcTioNs FROM These STAFF MEMbers DoNT HAPPEN
AgAiN, This is SECOND Time I HAD To write Lt HArvey up
                                        IN ANOTHER MANNER Such As This
GRIEVANT'S SIGNATURE: Angelo Lu Clark    DATE: 3/29/06    LegAl cAll !

WAS AN INFORMAL RESOLUTION ACCEPTED?     _____(YES)  _____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

**RECEIVED**

**MAR 3 1 2006**

April '97 REV

Inmate Grievance Office

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C_

DATE SUBMITTED: _3-17-06_

INMATE'S NAME: _ANGELO LEE CLARK_

SBI#: _123209_

HOUSING UNIT: _Bldg #17-B-2-10 Cell_

CASE #: _29143_

//////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: _it's been a ongoing situation ._

TYPE OF MEDICAL PROBLEM:

_I've still been putting sick call slips into sick call, And a couple of nurses, that I ask about some of my issues they keep telling me that, they never recieved any sick-call slip's, Officer-Sargeant L. Padilla-Velez even turned in a couple for me, thats why he told me to use him as a witness, As a result I am still going through some of the same symptoms an issues in the first grievance I filed on-2-6-06, And since that grievance was filed, A growth of something has grown on my right thigh along with other things_

GRIEVANT'S SIGNATURE: _Angelo Lee Clark_    DATE: _3-17-06_

ACTION REQUESTED BY GRIEVANT: _I'm going to send a copy of this grievance along -with -the one dated -2-6-06 to my attorney in which he will be instructed to send them to the New's Journal. Then I might get some relief._
_I want some action!_

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

RECEIVED

MAR 2 0 2006

Inmate Grievance Offic

**Instructions for Submitting a Regular Grievance**

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____    **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____    **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

____ **Disciplinary Action**          ____ **Parole Decision**          ____ **Classification Action**

_____    **Request.** Requests are not processed through the grievance procedure. Please correspond  with the appropriate Office to secure the information that is requested.

_____    **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____    **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____    **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____    **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*You Need To Complete Action Requested Section Of Grievance Form Correctly*

_____
Inmate Grievance Chairperson

4-4-06
_____
Date

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: _O.O.C. - D.C.C._           DATE SUBMITTED: _8/3/06_

INMATE'S NAME: _ANGELO LEE CLARK_        SBI#: _123209_

HOUSING UNIT: _Bldg # 23 - C-Tier_        CASE #: _____
_upper - 4-cell_

////////////////////////////////////////////////////////////////////////////////////////////////// **RECEIVED** //////

AUG 16 2006

Inmate Grievance Office

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: _12:10 -P.M - After Lunch_

TYPE OF MEDICAL PROBLEM:

I Inmate Angelo Lee Clark was approached by C/O Darden in reference to a (statement was made by) Mental Heatth Worker Mr's Melissa Gatlin she told C/O Darden That I got to close to her Thats why she put me on Phase II, And Like I Told C/O Darden That Statement was a Lie, Because I Asked Staff Lt Pro Facie Could she Drop my level Because I am hearing Voices, And I'm ill Staff Lt Told me I made a wager About what I was going Through With Mrs Gatlin

GRIEVANT'S SIGNATURE _Angelo L Clark_     DATE: _8/3/06_

Mr's Gatlin Suppose to be a professional what is she doing gambling with a patient.

ACTION REQUESTED BY GRIEVANT: When This Grievance is heard I have C/O Witnesses, And I'm going to Tell it Like it is And The C/O Witnesses Said They would to. And I'm going to Keep pushing The pen Because A Hurt Mind is Hard To waste!

DATE RECEIVED BY MEDICAL UNIT: _____

Who Know's what she will Do Next. I Fear For my safety.

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

I Don't Want Any Problem's.

**FORM  #584**

**GRIEVANCE FORM**

BL10

FACILITY: _D.C.C._   DATE: _2-9-06_

GRIEVANT'S NAME: _Angelo Lee Clark_   SBI#: _123209_

CASE#: _23844_   TIME OF INCIDENT: _For Past Ten Days_

HOUSING UNIT: _Bldg #19 - Shu - A-L-10 cell  That Lt. Harvey Has Work_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_I inmate, Angelo Lee Clark S.B.I # 123209 Has_
_been trying desperly to call my Attorney office,_
_in which when Ms. Zanda! Was Counslor over at_
_this unit, that I am being housed in, He put in a rite-_
_ing that calling my Attorney when needed it was_
_verified, Now I have tryed unsucessfully on numerous_
_days, at least 10th times or more I have written to_
_Harvey or whoever in charge, and all Ive been_
_getting is the run around, I have several officers any_
_copys of legal call request's if needed, like C/O Mince_
_and C/O Woosh on Sgt Wallace and or Roster V C/O Fuhrman_

ACTION REQUESTED BY GRIEVANT: _I would like for the Dept to_
_vindicate every one that is involved or remove out_
_of this Building, or once as this Grievance is heard_
_let me have my legal's when needed, because I do have_
_other legal issues. Calls_

GRIEVANT'S SIGNATURE: _Angelo Lee Clark_   DATE: _2-9-06_

WAS AN INFORMAL RESOLUTION ACCEPTED?   _____(YES)   _____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____   DATE:_____

IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED

FEB 1 3 2006

Inmate Grievance Office

**FORM  #585**

## MEDICAL GRIEVANCE

FACILITY: *D.C.C.*                                      DATE SUBMITTED: *3/23/06*

INMATE'S NAME: *ANGELO LEE CLARK*          SBI#: *123209*

HOUSING UNIT: *Bldg #17 -5ha -B-2-10*          CASE #: *31623*

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: *3-21-06*

TYPE OF MEDICAL PROBLEM:

*I was being seen by C.M.S - Medical Dept on -3-21-06 for sick call, And I was complaining of A, skin rash And The Lump's That I have on the inside of my Chest, And I was told by Nurse ! TANYA Cullin's That As For The Lump's in my stomach, I Would be recieving some Type of ultra X Ray's soon For The Lump's in my stomach, Now For The skin Rash She gave me, Some sort of "Cream" - For - my skin Rash Now The Cream, Ate The Hair x skin off of The effected area.*

GRIEVANT'S SIGNATURE: *Angelo Le Clark*          DATE: *3/23/06*

ACTION REQUESTED BY GRIEVANT: *I'll Just Let my Attorney And other Concerned member's know what Poor Treatment That I am still experiencing! here At D.C.C !*

DATE RECEIVED BY MEDICAL UNIT: _____

**RECEIVED**

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.  APR 0 3 2006

Inmate Grievance Office

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

      _____ **Disciplinary Action**     _____ **Parole Decision**     _____ **Classification Action**

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond  with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*You Need To Complete Action Requested Section of Grievance Form. Correctly*

_____
Inmate Grievance Chairperson

*4-3-06*
Date

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C._

INMATE'S NAME: _ANGELO LEE CLARK_

HOUSING UNIT: _Bldg #17 Sha-B-L-10-Cell_

DATE SUBMITTED: _2-9-06_

SBI#: _123209_

CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: _Since - 1-6-06 - up til Now - 2-9-06_

TYPE OF MEDICAL PROBLEM:

_I HAVE WRITTEN A couple of sick Call Com-_
_plaints, AND I HAVE REPEADELy MADE MEDI-_
_CALSTAFF HERE AT D.C.C, that I AM still EX-_
_PERIENCiNG A Lot of INDIGESTION, AND PAIN FROM_
_The KNots That I HAVE in My Stomach on_
_LEFT SIDE UPPER AND Right SIDE UNDER My_
_HEART CAGE or Should I SAY My HEARt BAG,_
_Now DR. KENDALL ALONG WITH R.N. NURSE GEETER_
_RAWLEY, They Told ME That REGARDLESS oF WHETHER_
_They hurt or not, Dont Worry. They're Just Cists!_

GRIEVANT'S SIGNATURE: _Angelo Lee Clark_    DATE: _2-9-06_

ACTION REQUESTED BY GRIEVANT: _I would Like To SEE The Nurse's That_
_ARE EMPloyEd HERE At D.C.C. They NEED To be VIN-_
_DICATEd of There NURSiNG LicENCE's AND CAREER's_
_FOR There NEGliGENCE, AND NON PROFEessioNAl Ethics of There ANciETy To be A_
_ESpECiAlly NURSE F. NEAl & Missi_    _NURSE!_
_ITS LORRAINE 12.8. DOES HER_
_Bob PROFESSIONAL_
_ANor Some._

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #584**

CU4

**GRIEVANCE FORM**

FACILITY: _D.C.C._     DATE: _6/30/06_

GRIEVANT'S NAME: _Angelo L Clark_     SBI#: _123209_

CASE#: _55543_     TIME OF INCIDENT: _7.00-P.M_

HOUSING UNIT: _Bldg #23-e-upper-6_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_I inmate Angelo Lee Clark, Recieved my P.M_
_Meo's by Nurse (Juannie Neal) And she gave me_
_Twice. the amount of Blood Pressure and heart_
_Medicine to kill a Norse This is not the first_
_time C/o Reggie White Slammed the Door in_
_my Face and Said they had to go Whith out_
_Investigating the Complaint._

ACTION REQUESTED BY GRIEVANT: _I Thught That was Very Un-_
_Professional, I Would Like For Him to be Repre-_
_manded. I Fear For my Life._

GRIEVANT'S SIGNATURE: _Angela L Clark_     DATE: _6/30/06_

WAS AN INFORMAL RESOLUTION ACCEPTED? _____(YES) _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____     DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED

JUL 05 2006

Inmate Grievance Office

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: _D.C.C._   DATE: _2-9-06_

GRIEVANT'S NAME: _Angelo Lee Clark_   SBI#: _123209_

CASE#: _23874_   TIME OF INCIDENT: _For Past Ten Days_

HOUSING UNIT: _Bldg #ing-Shu-A-L-10-Cell That Lt. Harvey Has Work_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_I Inmate, Angelo Lee Clark S.B.I # 123209 Has
Been Trying Desperly to Call my Attorney Office,
Iwhich when Mr. Zanda! Was Counslor Over At
This unit, That I Am being Housed in, He Put in Write-
ing That Calling my Attorney when Needed it was
Verified, Now I Have Tryed Unsuccessfully On Numerous
Days, At Least 10th Times Or More I Have Written to
Lt. Harvey or whoever in Charge. And All I've been
Getting is The Run Around. I Have Several Officers And
Copys of Legal Call Request's if Needed, Like C/O Mince
And C/O Woosh Or Sgt Wallace And Or Roster U C/O Tigwomen_

ACTION REQUESTED BY GRIEVANT: _I Would Like For The Dept to
Vindicate Everyone That is Involved or Remove out
Of This Building, Or On Pre As This Grievance is Heard,
Let me Have My Legal's when Needed, Because I Do Have
Other Legal Issues.   Calls_

GRIEVANT'S SIGNATURE: _Angelo Lo Clark_   DATE: _2-9-06_

WAS AN INFORMAL RESOLUTION ACCEPTED?   ____(YES)   ____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____   DATE: _____

IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

**RECEIVED**

cc: INSTITUTION FILE
   GRIEVANT

**FEB 1 3 2006**

April '97 REV

Inmate Grievance Office

**FORM  #585**

**MEDICAL GRIEVANCE**

FACILITY: D. C. C.                     DATE SUBMITTED: 9-1-06

INMATE'S NAME: Angelo Lee Clark        SBI#: 123209

HOUSING UNIT: Bldg. #23 c.u. 4         CASE #:

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 6:25 P.M.

TYPE OF MEDICAL PROBLEM:

Inmate Angelo Lee Clark was given my P.M. meds.
by a unknown nurse who was dispensing me my
P.M. meds. on 9.1.06 on c. tier and i made her aware
that I'm suppose to get blood pressure checks
every day for a week, Per order Dr. nurse
Practioner Ms. 'Abba' and yesterday 'Statin'
and 'cheryl' nurses who were on duty, told me
that 'Becky' would see that my checks would be done.
But like i told nurses 'Stacia' known one has taken
my blood pressure but her and i told 'Statin' that Becky is
still mad because i wrote her up.

GRIEVANT'S SIGNATURE: Angelo Lee Clark        DATE: 9/1/06

ACTION REQUESTED BY GRIEVANT: I would like to see someone
Repremanded, because this is very serious
issue's, I could have another heart attack!
I've sent a copy to my attorney.

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #585**

### MEDICAL GRIEVANCE

FACILITY: _D. C. C._    DATE SUBMITTED: _3-17-06_

INMATE'S NAME: _Angelo Lee Clark_    SBI#: _123209_

HOUSING UNIT: _Bldg #17-B-2-10-Cell_    CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: _it's been a, ongoing situation_

TYPE OF MEDICAL PROBLEM:

_I've still been Putting, sick Call slips into sick Call And a Couple of Nurses, That I Ask About some of my issue's They Keep telling me They Never Recieved Any sick-Call slips, C/o L. Padilla - Velez Even Turned in A Couple For Me, That's Why he told me To Put him Down As A Witness, As A Result I Am still going Through The Same symptoms As The First Grievance I Wrote on -2-6-06 And since Then something is Eating my Flesh on my Hands, Feet & Right Thigh -A-Growth- or-something_

GRIEVANT'S SIGNATURE _Angela Lu Clark_    DATE: _3/17/06_

ACTION REQUESTED BY GRIEVANT: _Being That I Cannot get Any Rem-midies, As Far As Relief For myself From C.M.S Medical Dept. I'm going Send A Copy To My Attorney And Then Let Him go From There._

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #585**

## MEDICAL GRIEVANCE

FACILITY: _D.C.C._    DATE SUBMITTED: _2-6-06_

INMATE'S NAME: _ANGELO LEE CLARK_    SBI#: _123209_

HOUSING UNIT: _Bldg #17 - SHa ~ B-L-10 cell_ CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: _2-6-06_

TYPE OF MEDICAL PROBLEM:

_I immate, Angelo Lee Clark, Started having Chest PAINs, AND All at the SAME Time my head, started with Such PAIN that I thought my HEAD WAS going to Blow up, AND it. The Chest PAIN AND HEAD WAS GOING ON FOR SEVERAL hours, AND Juannie CAME ON At 4:00 P.M, I Told Her How I WAS FEELing AND AT The SAME Time ASKED Her where is my Medical, AND INcident Report PAPERS WERE AT, AND she Told me I HAD To Wait, So I Refuse my Meds._

GRIEVANT'S SIGNATURE: _Angelo L Clark_    DATE: _2-6-06_

ACTION REQUESTED BY GRIEVANT: _PERSONALly I FEEL As though The Nurses That WORK FOR C. M. S The Medical Provider, ARE Trying To Poison ME. AND I FEAR FOR my LIFE. I'm going To Send A Copy To LawyER, AND Ruth ANN Minnser, AND bEuro Chief._

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

RECEIVED

FEB 13 2006

Inmate Grievance Office

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ **Disciplinary Action**          _____ **Parole Decision**          _____ **Classification Action**

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*You have not made a request.*
*You have use the action Requested*
*area to continue your statement*

FEB 1 3 2006

_____
Inmate Grievance Chairperson                                    Date

*What do you want?*

**FORM #585**

BL 10

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C._                    DATE SUBMITTED: _4/1/06_

INMATE'S NAME: _Angelo Lee Clark_          SBI#: _123209_

HOUSING UNIT: _Bldg #17 -5ha -B-L-10_      CASE #: _33329_

_Send To Ms Mail S. Eller Nursing Director!_

//////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: _It's been an ongoing situation_

TYPE OF MEDICAL PROBLEM:

_On -3-31-06 I' inmate Angelo Lee Clark seen Dr. Roger's, About The Knot's I have in my stomach and I Think she Doesn't Realize, I have severe pain when I eat-and drink Alot of Fluio's, now I would Like For This 'Grievance' to go Directly straight to Ms Gail Eller's Desk Director of Nursing because The Pain I have been bearing is Very Hard to bear sometime's, and when Dr. Roger's examined me she said That I only had one Knot, believe me it's more Knots._

GRIEVANT'S SIGNATURE: _Angelo Lee Clark_    DATE: _4/1/06_

ACTION REQUESTED BY GRIEVANT: _It seem's Like I'm Not going to get Any Relief, so I'm going to send A Copy to my Attorney and The New's Journal, the way C.M.'S medical system is Treating medical Issue's is Very Non Proffessional!_

DATE RECEIVED BY MEDICAL UNIT: _____

**RECEIVED**

APR 11 2006

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.** Inmate Grievance Office

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C._                           DATE SUBMITTED: _4-16-06_

INMATE'S NAME: _ANGELO LEE CLARK_          SBI#: _123208_

HOUSING UNIT: _Bldg #17 -Shu-B-L-10_       CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: _AN ONGOING situation_

TYPE OF MEDICAL PROBLEM:

_ON -3-31-06, I WAS SEEN by Doctor Rogers FOR The KNots THAT I HAVE IN MY stomach, AND She EXAMINED ME AND she felt one of the Knots That I HAVE IN my stomach, but Just Like I explained to her The Knots give ME PAIN When I EAT LAUGH, OR bEND OVER A CERTAIN WAY AS Though, something is TERRING IN MY Stomach, WHERE The Knots ARE!_

GRIEVANT'S SIGNATURE: _Angelo Lee Clark_ DATE: _4/16/06_

ACTION REQUESTED BY GRIEVANT: _ITs been A ONGOING situation with C.M.S. MEDICAL STAFF, it's Like They DON'T EVEN CARE! So I'm going To SEND A Copy To My ATTORNEY AND NEWS JOURNAL._

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED

APR 1 7 2006

Inmate Grievance Office

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ **Disciplinary Action**        _____ **Parole Decision**        _____ **Classification Action**

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

You were seen by a doctor. If you are in disagreement of the diagnosis you may write Nurse Eller, Director of Nursing yourself. IGC Is not a Postal Service.

Inmate Grievance Chairperson

4-23-06
Date

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C._

INMATE'S NAME: _ANGELO LEE CLARK_

HOUSING UNIT: _Bldg #17-Shu-B-L-10_

DATE SUBMITTED: _4-16-06_

SBI#: _123209_

CASE #:_____

///////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**SECTION #1**

DATE & TIME OF MEDICAL INCIDENT: _Its AonGoing Situation_

TYPE OF MEDICAL PROBLEM:

_ON-3-31-06 I WAS SEEN by Doctor Roger's FOR THE Knots That I have IN MY Stomach, AND She EXAMINED ME AND she FELt ONE OF THE Knots That I have IN MY stomach, but Just Like I EXplained To HER THE Knots give ME PAIN WHEN I EAT, Laugh, or bEND OVER A CERtAIN WAY it SEEMS AS Though SomEthing is TEARing IN MY Stomach, where THE Knots ARE!_

GRIEVANT'S SIGNATURE: _Angelo Lu Clark_     DATE: _4/16/06_

ACTION REQUESTED BY GRIEVANT: _ITs bEEN A ONGoing Situation with C.M.S. MEDICAL STAFF, iTs Like they Don't EVEN CARE! So I'm going to SEND A Copy To MY AttorNEy AND NEWs Journal._

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #585**

**MEDICAL GRIEVANCE**

FACILITY: D. C. C.

INMATE'S NAME: Angelo Lee Clark

HOUSING UNIT: Bldg. #23 C-u-4

DATE SUBMITTED: 6/30/06

SBI#: 123209

CASE #: _____

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 7:00 - P.M.

TYPE OF MEDICAL PROBLEM:

Nurse (Quannie' Neal was dispensing Med's on c-pod chronic care unit and she gave me to much Blood Pressure Med's to Kill a horse. She did the same thing tuesday evening and i consulted Mr. Finney and he told me the Problem was resolved. I told nurse Becky about Quannie Neal inadequate behavior. C/o Reggie White slammed the cell door in my Face, told me they were in a hurry

GRIEVANT'S SIGNATURE: Angela Lee Clark    DATE: 6/30/06

ACTION REQUESTED BY GRIEVANT: Ms. Neal was very unproFF essional and so was c/o. Reggie White they both need to be reprimanded! I FEAR FOR my LIFE.

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

**FORM #584**

**GRIEVANCE FORM**

FACILITY: D.C.C.                              DATE: 6/30/06

GRIEVANT'S NAME: Angela L. Clark            SBI#: 123209

CASE#:                                       TIME OF INCIDENT: 7:00 – P.M.

HOUSING UNIT: Bldg. 23 C-u-4

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

I recieved my evening Meds.
by Nurse Quannie Neal and she gave me
2 times the amount of Blood pressure
& Heart medicine to Kill a horse now
this is a habit it seems a pattern
with Nurse Quannie and C/o Reggie
White slamming my cell door
So hard it almost hit my hand
he C/o. white told me they were
in a hurry.

ACTION REQUESTED BY GRIEVANT: They both need to
be penalized and reprimanded
for their unprofessional
conduct. I FEAR FOR MY LIFE.

GRIEVANT'S SIGNATURE: _Angela Lu Clark_ DATE: 6-30-06

WAS AN INFORMAL RESOLUTION ACCEPTED?         _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____        DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

**FORM  #585**

**MEDICAL GRIEVANCE**

FACILITY: _D.C.C._

INMATE'S NAME: _ANGELO LEE CLARK_

HOUSING UNIT: _Bldg #19 -Sha -B-L-10 -Cell_

DATE SUBMITTED: _2-9-06_

SBI#: _183209_

CASE #: _23846_

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: _Since - 2-6-06 - uptil- Now - 2-9-06_

TYPE OF MEDICAL PROBLEM:

_I HAVE WRITTEN A Couple of sick Call Complaints
AND I HAVE REPEADEDly MADE MEDICAL STAFF Here
AT D.C.C- That I AM Still EXPERIENCING A Lot
of INDIGESTIN AND PAIN FROM THE 'KNOTS' That I HAVE
IN MY STOMACH ON LEFT SIDE upper, AND Right
SIDE under HEART Cage OR should I SAY MY HEART
BAG, Now DR. KENDAIL (A)ong -With NURSE 'GERDER
CRAWLEY' SAID THAT REGARDLESS of WHETHER THEY Hurt
OR NOT, DON'T WORRY THEY'RE. Just Cists!_

GRIEVANT'S SIGNATURE: _Angelo Lee Clark_     DATE: _2-9-06_

ACTION REQUESTED BY GRIEVANT: _I Would Like To SEE The NURSES
THAT ARE EMPLOYED HERE AT D.C.C. VINDICATE OT
THERE CARREERS FOR THERE NEGLIGENCE AND WRONG
DOING OF ME AND OTHER INMATES. ESPECIALLY - NURSES
CAUANNIE NEAL X MISS K
AND All OF THEM EXCEPT MS LORRAINE! 12-8_

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED

FEB 13 2006

Inmate Grievance Office

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL
GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

_____   **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____   **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

_____ Disciplinary Action          _____ Parole Decision          _____ Classification Action

_____   **Request.** Requests are not processed through the grievance procedure. Please correspond  with the appropriate Office to secure the information that is requested.

_____   **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____ .

_____   **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

___✓___   **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____   **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

*Inmate cannot request staff discipline*

Inmate Grievance Chairperson

Date

**Westlaw.**

**MHU
Law Library**                    Page 1

97 S.Ct. 285
429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251
**(Cite as: 429 U.S. 97, 97 S.Ct. 285)**

▷
Briefs and Other Related Documents

Supreme Court of the United States
W. J. ESTELLE, Jr., Director, Texas Department of
Corrections, et al., Petitioners,
v.
J. W. GAMBLE.
No. 75-929.

Argued Oct. 5, 1976.
Decided Nov. 30, 1976.
Rehearing Denied Jan. 17, 1977. See 429 U.S. 1066,
97 S.Ct. 798.

State prisoner filed a pro se complaint against various
prison officials under civil rights statute for failure to
provide adequate medical care. The United States
District Court for the Southern District of Texas, at
Houston, dismissed the cause and the prisoner
appealed. The United States Court of Appeals for the
Fifth Circuit, 516 F.2d 937, reversed and remanded,
and denied rehearing en banc, 521 F.2d 815.
Certiorari was granted. The Supreme Court, Mr.
Justice Marshall, J., held, inter alia, that while
deliberate indifference to prisoner's serious illness or
injury constitutes cruel and unusual punishment in
violation of Eighth Amendment, prisoner's pro se
complaint showing that he had been seen and treated
by medical personnel on 17 occasions within three-
month period was insufficient to state a cause of
action against physician both in his capacity as
treating physician and as medical director of the
corrections department, but case would be remanded
to consider whether a cause of action was stated
against other prison officials.

Reversed and remanded.

Mr. Justice Blackmun concurred in the judgment.

Mr. Justice Stevens filed a dissenting opinion.

West Headnotes

[1] Federal Courts 170B ☜460.1

170B Federal Courts
    170BVII Supreme Court
        170BVII(B) Review of Decisions of Courts of
Appeals

170Bk460 Review on Certiorari
    170Bk460.1 k. In General. Most Cited
Cases
        (Formerly 170Bk460, 30k919)
Since prisoner's civil rights complaint was dismissed
for failure to state a claim, Supreme Court must take
as true its handwritten, pro se allegations. 42
U.S.C.A. § 1983.

[2] Sentencing and Punishment 350H ☜1431

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in
General
        350HVII(A) In General
            350Hk1431 k. Purpose of Prohibition. Most
Cited Cases
        (Formerly 110k1213.1, 110k1213)
Primary concern of drafter of constitutional
prohibition against cruel and unusual punishment was
to proscribe torture and other barbarous methods of
punishment; amendment proscribes more than
physically barbarous punishments and embodies
broad and idealistic concepts of dignity, civilized
standards, humanity and decency against which court
must evaluate penal measures. U.S.C.A.Const.
Amend. 8.

[3] Sentencing and Punishment 350H ☜1435

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in
General
        350HVII(A) In General
            350Hk1434 Scope of Prohibition
                350Hk1435 k. In General. Most Cited
Cases
        (Formerly 110k1213.1, 110k1213)
Punishments which are incompatible with evolving
standards of decency that mark progress of maturing
society or which involve unnecessary or wanton
infliction of pain are repugnant to Eighth
Amendment. U.S.C.A.Const. Amend. 8.

[4] Sentencing and Punishment 350H ☜1482

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in
General
        350HVII(E) Excessiveness and Proportionality
of Sentence

**MHU
Law Library**

97 S.Ct. 285
429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251
**(Cite as: 429 U.S. 97, 97 S.Ct. 285)**

Page 8

'repugnant to the conscience of mankind,' " id., at 471, 67 S.Ct. at 380, quoting Palko v. Connecticut, 302 U.S. 319, 323, 58 S.Ct. 149, 150, 82 L.Ed. 288 (1937).[FN13]

> FN13. He noted, however, that "a series of abortive attempts" or "a single, cruelly willful attempt" would present a different case. 329 U.S., at 471, 67 S.Ct., at 380.

[10][11][12] Similarly, in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be *106 "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.[FN14]

> FN14. The Courts of Appeals are in essential agreement with this standard. All agree that mere allegations of malpractice do not state a claim and, while their terminology regarding what is sufficient varies, their results are not inconsistent with the standard of deliberate indifference. See Page v. Sharpe, 487 F.2d 567, 569 (C.A.1 1973); Williams v. Vincent, supra, 508 F.2d 541, at 544 (uses the phrase "deliberate indifference"); Gittlemacker v. Prasse, 428 F.2d 1, 6 (C.A.3 1970); Russell v. Sheffer, 528 F.2d 318 (C.A.4 1975); Newman v. Alabama, 503 F.2d 1320, 1330 n. 14 (C.A.5 1974), cert. denied, 421 U.S. 948, 95 S.Ct. 1680, 44 L.Ed.2d 102 (1975) ("callous indifference"); Westlake v. Lucas, supra, 537 F.2d, at 860 ("deliberate indifference"); Thomas v. Pate, supra, 493 F.2d, at 158; Wilbron v. Hutto, supra, 509 F.2d, at 622 ("deliberate indifference"); Tolbert v. Eyman, supra, 434 F.2d, at 626; Dewell v. Lawson, 489 F.2d 877, 881-882 (C.A.10 1974).

III

[13] Against this backdrop, we now consider whether respondent's complaint states a cognizable s 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id., at 520-521, 92 S.Ct. at 596, quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

[14] *107 Even applying these liberal standards, however, Gamble's claims against Dr. Gray, both in his capacity as treating physician and as medical director of the Corrections Department, are not cognizable under s 1983. Gamble was seen by medical personnel on 17 occasions spanning a 3-month period: by Dr. Astone five times; by Dr. Gray twice; by Dr. Heaton three times; by an unidentified doctor and inmate nurse on the day of the injury; and by medical assistant Blunt six times. They treated his back injury, high blood pressure, and heart problems. Gamble has disclaimed any objection to the treatment provided for his high blood pressure and his heart problem; his complaint is "based solely on the lack of diagnosis and inadequate treatment of his back injury." Response to Pet. for Cert. 4; see also Brief for Respondent at 19. The doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and **293 suggests a number of options that were not pursued. Id., at 17, 19. The Court of Appeals agreed, stating: "Certainly an x-ray of (Gamble's) lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing." 516 F.2d, at 941. But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act.[FN15] The Court of Appeals was in error in holding that the alleged insufficiency of the *108 medical treatment required reversal and remand. That portion of the judgment of the District Court should have been

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Handwritten annotations:*

My Eighth Amendment was violated over, and over again, when the medical department know that I am Bipolar & Manic and somewhat Schizophrenic issues, when not properly medicated. And I've been telling these Psychiatrist for the med system for the Dept. of the D.C.C. I have special needs. Why am I being victimized, and punished because I have a Treatable illness, in which, instead of giving me treatment they punish me

97 S.Ct. 285
429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251
**(Cite as: 429 U.S. 97, 97 S.Ct. 285)**

Page 3

U.S.C.A.Const. Amend. 8; 42 U.S.C.A. § 1983.

## [11] Civil Rights 78 1395(7)

78 Civil Rights
   78III Federal Remedies in General
      78k1392 Pleading
         78k1395 Particular Causes of Action
           78k1395(7) k. Prisons and Jails;
Probation and Parole. Most Cited Cases
      (Formerly 78k235(7), 78k13.12(6))

## Sentencing and Punishment 350H 1546

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in General
      350HVII(H) Conditions of Confinement
         350Hk1546 k. Medical Care and Treatment. Most Cited Cases
      (Formerly 110k1213.10(3), 110k1213)
Complaint that physician has been negligent in diagnosing or treating medical condition of prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment; medical malpractice does not become a constitutional violation merely because victim is a prisoner. U.S.C.A.Const. Amend. 8; 42 U.S.C.A. § 1983.

## [12] Civil Rights 78 1091

78 Civil Rights
   78I Rights Protected and Discrimination Prohibited in General
      78k1089 Prisons
         78k1091 k. Medical Care and Treatment. Most Cited Cases
      (Formerly 78k135, 78k13.12(6))
In order to state a cognizable claim under civil rights statute because of inadequate medical care, prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. U.S.C.A.Const. Amend. 8; 42 U.S.C.A. § 1983.

## [13] Federal Civil Procedure 170A 657.5(3)

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(A) Pleadings in General
         170Ak654 Construction
           170Ak657.5 Pro Se or Lay Pleadings
              170Ak657.5(3) k. Prisoners' Pleadings. Most Cited Cases

      (Formerly 170Ak656)

## Federal Civil Procedure 170A 1788.6

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)4 Particular Actions, Insufficiency of Pleadings in
           170Ak1788.5 Civil Rights Actions
              170Ak1788.6 k. In General. Most Cited Cases
      (Formerly 170Ak1788.5)
Handwritten pro se civil rights complaint of prisoner was to be liberally construed and must be held to less stringent standards than formal pleadings by lawyer, and complaint could be dismissed for failure to state a claim only if it appeared beyond doubt that plaintiff could prove no set of facts in support of claim which would entitle him to relief.

## [14] Civil Rights 78 1395(7)

78 Civil Rights
   78III Federal Remedies in General
      78k1392 Pleading
         78k1395 Particular Causes of Action
           78k1395(7) k. Prisons and Jails;
Probation and Parole. Most Cited Cases
      (Formerly 78k235(7), 78k13.12(6))
Complaint of prisoner alleging inadequate medical care but showing that he was seen by medical personnel on 17 occasions in a three-month period during which he was treated for his back injury, high blood pressure and heart problem and merely contending that more should have been done by the way of diagnosis and treatment failed to state cause of action against physician in his capacity either as treating physician or as medical director of corrections department, although case was remanded to determine whether cause of action had been stated against other prison officials. U.S.C.A.Const. Amend. 8; 42 U.S.C.A. § 1983.

**287 Syllabus**[FN*]

FN* The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See United States v. Detroit Timber & Lumber Co., 200 U.S. 321, 337, 26 S.Ct. 282, 287, 50 L.Ed. 499, 505.

**97** Respondent state inmate brought this civil rights action under 42 U.S.C. s 1983 against petitioners, the

FN6. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

At oral argument, counsel for respondent agreed that his only claim was based on the Eighth Amendment. Tr. of Oral Arg. 42-43.

[2][3] The history of the constitutional prohibition of "cruel and unusual punishments" has been recounted at length in prior opinions of the Court and need not be repeated here. See, e. g., Gregg v. Georgia, 428 U.S. 153, 169-173, 96 S.Ct. 2909, 2923, 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ. (hereinafter joint opinion)); see also Granucci, Nor Cruel and Unusual Punishment Inflicted: The Original Meaning, 57 Calif.L.Rev. 839 (1969). It suffices to note that the primary concern of the drafters was to proscribe "torture(s)" and other "barbar(ous)" methods of punishment. Id., at 842. Accordingly, this Court first applied the Eighth Amendment by comparing challenged methods of execution to concededly inhuman techniques of punishment. See Wilkerson v. Utah, 99 U.S. 130, 136, 25 L.Ed. 345 (1879) ("(I)t is safe to affirm that punishments of torture . . . and all others in the same line of unnecessary cruelty, are forbidden by that amendment . . ."); In re Kemmler, 136 U.S. 436, 10 S.Ct. 930, 933, 34 L.Ed. 519 (1890) ("Punishments are cruel when they involve torture or a lingering death . . .").

[4][5] Our more recent cases, however, have held that the Amendment proscribes more than physically barbarous punishments. See, e. g., Gregg v. Georgia, supra, at 171, 96 S.Ct. at 2924 (joint opinion); Trop v. Dulles, 356 U.S. 86, 100-101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958); Weems v. United States, 217 U.S. 349, 373, 30 S.Ct. 544, 551, 54 L.Ed. 793 (1910). The Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . ," Jackson v. Bishop, 404 F.2d 571, 579 (C.A.8 1968), against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," Trop v. Dulles, supra, at 101, 78 S.Ct. at 598; see also Gregg v. Georgia, supra, at 172-173, 96 S.Ct. at 2925 (joint opinion); *103 Weems v. United States, supra, 217 U.S. at 378, 30 S.Ct. at 553, or which "involve the unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, 96 S.Ct. at 2925 (joint opinion); see also Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 463, 67 S.Ct.

374, 376, 91 L.Ed. 422 (1947); Wilkerson v. Utah, supra, 99 U.S. at 136. FN7

FN7. The Amendment also proscribes punishments grossly disproportionate to the severity of the crime, Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. at 2925 (1976) (joint opinion); Weems v. United States, 217 U.S. 349, 367, 30 S.Ct. 544, 549 (1910), and it imposes substantive limits on what can be made criminal and punished, Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Neither of these principles is involved here.

[6][7] These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death," In re Kemmler, supra, the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. Cf. Gregg v. Georgia, supra, at 173, 96 S.Ct. at 2924-25 (joint opinion). The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation FN8 codifying the com**291 mon-law*104 view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." FN9

FN8. See, e. g., Ala.Code Tit. 45, s 125 (1958); Alaska Stat. s 33.30.050 (1975); Ariz.Rev.Stat.Ann.   s   31-201.01 (Supp.1975); Conn.Gen.Stat.Ann. s 18-7 (1975); Ga.Code Ann. s 77-309(e) (1973); Idaho Code s 20-209 (Supp.1976); Ill.Ann.Stat. c. 38, s 103-2 (1970); Ind.Ann.Stat. s 11-1-1.1-30.5 (1973); Kan.Stat.Ann. s 75-4249 (Supp.1975); Md.Ann.Code Art. 27 s 698 (1976); Mass.Ann.Laws, c. 127, s 90A (1974); Mich.Stat.Ann. s 14.84 (1969); Miss.Code Ann. s 47-1-57 (1972); Mo.Ann.Stat. s 221.120 (1962); Neb.Rev.Stat. s 83-181 (1971); N.H.Rev.Stat.Ann. s 619.9 (1974); N.M.Stat.Ann. s 42-2-4 (1972); Tenn.Code Ann. ss 41-318, 41-1115, 41-1226 (1975);



IM ANGELO LEE CLARK
SBI# 183309 UNIT BLK# 18-C-Two
DELAWARE CORRECTIONAL CENTER Apr. 10
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk !
United District Court
# 844 N King Street - Lock Box 18
Wilmington, De

19801 - 3570