10/17/06

To: Clerk of the Court

Re: Clark V: First Correctional Medical Et-Al
Civil Act. 06-465-S.L.R
1:06-CV-465

Dear Clerk (Sir) I am sending you some case law of the way the Dept of Correction's, has been treating me.

Exibit (1) - Cruel - and - unusual Punishment
Exibit (2) - Mental Anguish!
Exibit (3) - Poison - Wrong medication.

Clerk of The Court Would you please ask the Honorable Judge! 'S.L.R' to try to understand and try to give me Remedy or some type of Reliefe!

Clerk Sir Would you see why I, havent recieved my Marshall Forms as of yet.

Thank you
Sincerly
S.B.I #123209  Angela L Clark

FILED OCT 20 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

IM Angela Clark
SBI# 123309 UNIT Bldg #19-Shu
DELAWARE CORRECTIONAL CENTER B-L-7-cell
181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Office of The Clerk
United States District Court
844 King Street Lockbox #18
Wilmington, Delaware
19801-3570

Legal Mail

FORM #585

## MEDICAL GRIEVANCE

FACILITY: D.C.C.

INMATE'S NAME: Angelo Lee Clark

HOUSING UNIT: Shu -B-Lower - 7 cell

DATE SUBMITTED: 10/11/06

SBI#: 123209

CASE #: _____

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 10/11/06 - 3:30 A.M. (Morning meds)

TYPE OF MEDICAL PROBLEM:

I inmate Angelo Lee Clark, was awakened by Nurse Cheryl. And was given my A.M meds from her, and I discovered not one tablet of Bodavant, but three of them along with my blood pressure meds, and heart medicine along with my other morning meds. I'm suppose to recieve one 2 percent Bodavant tablet at -A.M-P.M- meds! And she told me the night before when I was complaining of side effects, she told me that I just seen the Doctor - on-10-9-06 or-10-10-06 because she seen it logged in the book.

GRIEVANT'S SIGNATURE: Angelo Lee Clark   DATE: 10/11/06

ACTION REQUESTED BY GRIEVANT: I talked to my attorney about the issue this afternoon. I am tired of the pain and suffering of dealing with a inadaquate medical system.

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**



(350HK1452)



Page 1

**Most Cited Cases**

▷ [Cited 132 times for this legal issue]
Ingraham v. Wright, 97 S.Ct. 1401
350H SENTENCING AND PUNISHMENT
350HVII Cruel and Unusual Punishment in General
350HVII(C) Criminal Liability
350Hk1451 Declaring Act Criminal
350Hk1452

**SHU LAW LIBRARY**

U.S.Fla.,1977
Cruel and unusual punishments clause of Eighth Amendment was designed to protect those convicted of crime and circumscribes criminal process in three ways: it limits kinds of punishment that can be imposed on those convicted of crimes, it proscribes punishment grossly disproportionate to severity of crime, and it imposes substantive limits on what can be made criminal and punished as such. U.S.C.A.Const. Amend. 8.

▷ [Cited 3 times for this legal issue]
Estelle v. Gamble, 97 S.Ct. 285
U.S.Tex.,1976
Eighth Amendment imposes substantive limits on what can be made criminal and punished. U.S.C.A.Const. Amend. 8.
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Page 6

Prisoner's allegations, that he submitted grievances and complaints to administrator of prison medical department and that she ignored them, were based on administrator's direct actions or inaction, which could provide basis for liability, rather than on respondeat superior, which could not.
**H** [Cited 1 time for this legal issue]
Jetter v. Beard, 130 Fed.Appx. 523
C.A.3.Pa.,2005
Prison doctor's alleged failure to inform state inmate of side effects of prescribed medicine was nothing more than negligence, and thus did not support § 1983 claim under Eighth Amendment for deliberate indifference to inmate's serious medical needs. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
**H** [Cited 1 time for this legal issue]
Iseley v. Dragovich, 90 Fed.Appx. 577
C.A.3.Pa.,2004
Treatment of inmate's hepatitis C condition did not violate inmate's Eighth Amendment rights; although inmate wanted specific treatment, inmate did not dispute that his condition was monitored, that he received appropriate diet, vitamin supplements, and pain medication, and specific treatment requested was not applicable to inmate because he condition had not yet progressed to point where such treatment would have been appropriate. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
▷ [Cited 1 time for this legal issue]
Montgomery v. Pinchak, 294 F.3d 492
C.A.3.N.J.,2002
Mere loss of inmate's medical records by prison officials, physician, and corporate medical provider did not rise to requisite level of deliberate indifference to demonstrate prima facie case of cruel and unusual punishment based on denial of medical care. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
▷ [Cited 1 time for this legal issue]
Boring v. Kozakiewicz, 833 F.2d 468
C.A.3.Pa.,1987
Local government's interest in limiting cost of pretrial detention justifies providing no more than reasonable level of medical care.
**C** [Cited 0 times for this legal issue]
Anderson v. Snyder, 2006 WL 1876655
C.A.3.Pa.,2006
Dermatologist's alleged misdiagnosis of state prisoner's condition did not demonstrate deliberate indifference to prisoner's serious medical needs necessary to establish violation of Eighth Amendment's prohibition against cruel and unusual punishment. U.S.C.A. Const.Amend. 8.
**H** [Cited 0 times for this legal issue]
Oliver v. Bucks County Correctional Facility-Warden, 2006 WL 1440089
C.A.3.Pa.,2006
Warden's awareness of past outbreak of methicillin-resistant staphylococcus aureus (MRSA) among prisoners, coupled with lack of warnings and cautionary instructions, did not render warden deliberately indifferent to hazardous health conditions in violation of Eighth Amendment with respect to prisoner contracted unspecified bacterial infection during his 12-day stay, absent showing that inmate was at substantial risk of serious harm and warden was
aware of serious risk to inmate safety and disregarded it; there were no MRSA diagnoses in month before inmate's arrival or any evidence that inmate contracted or was even exposed to MRSA. U.S.C.A. Const.Amend. 8.
**H** [Cited 0 times for this legal issue]
Salley v. PA Dept. of Corrections, 2006 WL 1410825
C.A.3.Pa.,2006
Prison employees did not violate the Eighth Amendment when they failed to provide prisoner with mental health treatment, so as to be liable under § 1983, since prisoner's health reports merely stated that psychiatric treatment could be helpful and employees denied any knowledge of those reports. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
[Cited 0 times for this legal issue]
Miller v. Maurer, 173 Fed.Appx. 991
C.A.3.N.J.,2006
Delays in providing medical treatment for state inmate's rectal bleeding and knee pain did not rise to level of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

deliberate indifference necessary to establish claim under Eighth Amendment, even though stool samples had been discarded, orthopedic consult had been misplaced, and there had been scheduling errors, where inmate received colonoscopy and endoscopy, and inmate did not explain what further analysis prison medical staff should have performed on samples. U.S.C.A. Const.Amend. 8.
[Cited 0 times for this legal issue]
Brown v. Thomas, 172 Fed.Appx. 446
C.A.3.Pa.,2006
Inmate failed to state a claim under § 1983 against prison personnel for acting with deliberate indifference to his medical needs, in violation of Eighth Amendment, by providing him with eyeglasses rather than contact lenses, since inmate did not allege that any defendant ignored his vision problem or delayed his access to corrective lenses for non-medical reasons. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
[Cited 0 times for this legal issue]
Brown v. Thomas, 172 Fed.Appx. 446
C.A.3.Pa.,2006
In promptly answering inmate's request to see an eye doctor by referring request to prison health care administrator the following day, and promptly responding to inmate's request for medical treatment by responding the following day verifying that inmate was scheduled for surgery that same day, prison superintendent did not demonstrate conscious disregard of an excessive risk to inmate's health or safety, and thus, superintendent was not liable to inmate under § 1983 for violating Eighth Amendment by delaying surgical treatment for inmate's eye condition. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
**C** [Cited 0 times for this legal issue]
Sampson v. Berks County Prison, 171 Fed.Appx. 382
C.A.3.Pa.,2006
State prisoner's cold-like illness, which persisted for four months and did not get better until he was transferred to another facility and began to receive antibiotics, might constitute a "serious illness" for purposes of claim for denial of medical care. U.S.C.A. Const.Amend. 8.
See publication Words and Phrases for other judicial constructions and definitions.
**H** [Cited 0 times for this legal issue]
Brandner v. First Correctional Medical, 167 Fed.Appx. 328
C.A.3.Del.,2006
Correctional medical center, medical director, and nursing supervisor were not deliberately indifferent to the medical needs of an inmate with an injured knee, thus defeating his Eighth Amendment claim, even though he allegedly continued to experience swelling and pain in his knee; since the time his complaint was filed, he had received an MRI, which indicated that his knee was within "normal range," he had continued to receive medication and joint injections, and he had been referred to an orthopedic surgeon. U.S.C.A. Const.Amend. 8.
**H** [Cited 0 times for this legal issue]
Balter v. U.S., 172 Fed.Appx. 401
C.A.3.Pa.,2006
Prison medical personnel were not deliberately indifferent, in violation of Eighth Amendment, to medical needs of federal prisoner who lost vision in one eye, where prisoner was seen on numerous occasions by prison doctors, outside ophthalmologists, and a variety of specialists. U.S.C.A. Const.Amend. 8.
**H** [Cited 0 times for this legal issue]
Brooks v. Beard, 167 Fed.Appx. 923
C.A.3.Pa.,2006
State prisoner's allegation that prison officials and administrators responded inappropriately to prison grievance that prisoner filed after his Achilles tendon was torn by two-inch metal pipe protruding from floor in his cell did not establish that the officials and administrators were personally involved in allegedly inadequate post-injury medical treatment provided to prisoner, as would be required for officials and administrators to be liable under § 1983 for cruel and unusual punishment relating to inadequate medical treatment. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
**H** [Cited 0 times for this legal issue]
Brooks v. Beard, 167 Fed.Appx. 923
C.A.3.Pa.,2006

Evidence in § 1983 action did not establish prison officials' deliberate indifference to state prisoner's medical needs, as would constitute cruel and unusual punishment, relating to medical treatment after prisoner's Achilles tendon was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00465-SLR   Document 11-2   Filed 10/20/2006   Page 5 of 6

 310K17(2)    Page 11

City's practice of using untrained clerk with other duties to monitor intoxicated pretrial detainees at risk for suicide did not create great and obvious risk of constitutionally cognizable harm or demonstrate city's indifference to such risk, and thus clerk's failure to timely intervene to stop detainee's suicide attempt did not violate Eighth Amendment, where city had practice of alerting clerks to those detainees at risk for suicide and of need to monitor them continuously. U.S.C.A. Const.Amend. 8.
**H** [Cited 0 times for this legal issue]
Reynolds v. Wagner, 128 F.3d 166
C.A.3 (Pa.),1997
In prisons, because inmates are deprived of ability to seek health care on their own, state is obligated to provide basic health care.
**H** [Cited 0 times for this legal issue]
Reynolds v. Wagner, 128 F.3d 166
C.A.3 (Pa.),1997
Prison's fee-for-medical-service program did not violate inmates and pretrial detainees' Eighth and Fourteenth Amendment rights to basic medical care by causing inmates to delay unduly in seeking care; no evidence showed that inmates in fact delayed in seeking important treatment due to program, and program did not force inmates to choose between necessary medical care and other essentials, but rather to choose between payment of small fee for certain types of non-emergency care and use of funds for nonessential expenses. U.S.C.A. Const.Amends. 8, 14.
**H** [Cited 0 times for this legal issue]
Reynolds v. Wagner, 128 F.3d 166
C.A.3 (Pa.),1997
Prison program under which inmates were charged modest fee for seeking certain types of medical care was not unconstitutionally vague, in violation of Due Process Clause, on ground that policy did not define terms "chronic illness" and "emergency" and did not adequately explain right to seek independent review of challenged fee assessment; undefined terms were relatively clear and their meaning was illustrated with examples, and inmates were informed twice of right to grieve fee assessments. U.S.C.A. Const.Amend. 14.
**H** [Cited 0 times for this legal issue]
Reynolds v. Wagner, 128 F.3d 166
C.A.3 (Pa.),1997
To show that prison's policy of charging modest fee to inmates seeking certain medical services violated due process, it was not enough for inmates to demonstrate that more specific language could have been used in inmate handbook's description of policy; instead, policy had to be so vague as to amount to absence of any real policy or statute. U.S.C.A. Const.Amend. 14.
**H** [Cited 0 times for this legal issue]
Reynolds v. Wagner, 128 F.3d 166
C.A.3 (Pa.),1997
Inmates failed to show that county prison's program charging inmates modest fee when inmates seek medical care was unconstitutional as implemented, in violation of Eighth Amendment, based on claim that program charged higher fees than state Medicaid program; inmates offered no evidence regarding magnitude of difference, and did not show that fees charged under Medicaid represented maximum that could constitutionally be charged against prisoner. U.S.C.A. Const.Amend. 8.
**H** [Cited 0 times for this legal issue]
Reynolds v. Wagner, 128 F.3d 166
C.A.3 (Pa.),1997
Lack of written Spanish translation of county prison's policy of charging inmates modest fees for certain medical care did not establish deliberate indifference to inmates' Eighth Amendment rights to basic medical care, given that Spanish-speaking correctional officers and counselors explained policy to all Spanish-speaking inmates during orientation, prison always had Spanish-speaking employee on duty, and medical department employed at least three nurses fluent in Spanish. U.S.C.A. Const.Amend. 8.
**P** [Cited 0 times for this legal issue]
Young v. Quinlan, 960 F.2d 351
C.A.3 (Pa.),1992
While prison administration may punish, it may not do so in manner that threatens physical and mental health of prisoners. U.S.C.A. Const.Amend. 8.

**P** [Cited 0 times for this legal issue]   

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 Page 12

Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754
C.A.3 (Pa.),1979
Even though system of medical care at a jail or prison may itself be constitutionally sufficient, refusal to make that system of care available to a particular inmate may itself be unconstitutional. U.S.C.A.Const. Amends. 8, 14; 42 U.S.C.A. § 1983.
END OF DOCUMENT 

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.