Clerk of The Court
Clark v. Regional Medical First Correctionale
1:06-CV-465   S.L.R

Amendment!

1. I inclosed some Documentation's, Along with Case

2. I included some Med's, That is making me have Side Effects, Along with Grievance's.

3. I sent some Med's That I take Twice a Day, And The Addalls I'm only suppose to take 1-2 mg tab Twice a day, one in morning and one at night That particular morning she gave me 2. Nurses Name was Cheryl 3:30 AM 10/1/11.

Thank You
Very much
Sincerely
Angelo Lee Clark
S.B.I # 123209

FILED
NOV -1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

  

Exibit I

(350HK1546)

Page 1

**Most Cited Cases**

▷ [Cited 7363 times for this legal issue]
Estelle v. Gamble, 97 S.Ct. 285
350H SENTENCING AND PUNISHMENT
350HVII Cruel and Unusual Punishment in General
350HVII(H) Conditions of Confinement
350Hk1546
U.S.Tex.,1976

SHU LAW LIBRARY

→ Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by Eighth Amendment whether the indifference is manifested by prison doctors in response to prison needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed; regardless of how evidenced deliberate indifference to prisoner's serious illness or injuries states cause of action under civil rights statute. U.S.C.A.Const. Amend. 8; 42 U.S.C.A. § 1983.

▷ [Cited 3378 times for this legal issue]
Estelle v. Gamble, 97 S.Ct. 285
U.S.Tex.,1976

→ Infliction of unnecessary suffering on prisoner by failure to treat his medical needs is inconsistent with contemporary standards of decency and violates the Eighth Amendment. U.S.C.A.Const. Amend. 8.

▷ [Cited 1413 times for this legal issue]
Estelle v. Gamble, 97 S.Ct. 285
U.S.Tex.,1976

Complaint that physician has been negligent in diagnosing or treating medical condition of prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment; medical malpractice does not become a constitutional violation merely because victim is a prisoner. U.S.C.A.Const. Amend. 8; 42 U.S.C.A. § 1983.

▷ [Cited 185 times for this legal issue]
DeShaney v. Winnebago County Dept. of Social Services, 109 S.Ct. 998
U.S.Wis.,1989

To make out an Eighth Amendment claim based on the failure to provide adequate medical care, prisoner must show that state defendants exhibited deliberate indifference to his serious medical needs; mere negligent or inadvertent failure to provide adequate care is not enough. U.S.C.A. Const.Amend. 8.

▷ [Cited 154 times for this legal issue]
City of Revere v. Massachusetts General Hosp., 103 S.Ct. 2979
U.S.Mass.,1983

→ Eighth Amendment's proscription of cruel and unusual punishments is violated by deliberate indifference to serious medical needs of prisoners, but Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt. U.S.C.A. Const.Amend. 8.
END OF DOCUMENT



© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 *Westlaw.*
350HK1546

Exibit 2  SHU LAW LIBRARY

**Most Cited Cases**

▷ [Cited 224 times for this legal issue]
Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326
350H SENTENCING AND PUNISHMENT
350HVII Cruel and Unusual Punishment in General
350HVII(H) Conditions of Confinement
350Hk1546
C.A.3 (N.J.),1987
Burdensome court-ordered release procedure erected by county as precondition to exercise of pregnant inmates' choice to terminate pregnancy, together with failure of county officials even to attempt to minimize delay in access to abortion services, constituted "deliberate indifference to serious medical needs" of inmates in violation of Eighth Amendment. U.S.C.A. Const.Amend. 8.
See publication Words and Phrases for other judicial constructions and definitions.

▷ [Cited 173 times for this legal issue]
Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326
C.A.3 (N.J.),1987
Where prison authorities deny reasonable request for medical treatment and such denial exposes inmate to undue suffering or threat of tangible residual injury, deliberate indifference to serious medical need in violation of Eighth Amendment is manifest. U.S.C.A. Const.Amend. 8.

▷ [Cited 108 times for this legal issue]
White v. Napoleon, 897 F.2d 103
C.A.3.N.J.,1990
Allegation that prison doctor refused to tell prisoner whether blemishes on his skin were cancerous did not state a substantive due process claim of
interference with right to make informed decisions about treatment, but stated claim under the Eighth Amendment of deliberate indifference to serious medical needs. U.S.C.A. Const.Amends. 8, 14.

▷ [Cited 80 times for this legal issue]
Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754
C.A.3 (Pa.),1979
Although negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, failure to provide adequate treatment is a violation of the Eighth Amendment when it results from deliberate indifference to a prisoner's serious illness or injury. 42 U.S.C.A. § 1983; U.S.C.A.Const. Amend. 8.

▷ [Cited 78 times for this legal issue]
White v. Napoleon, 897 F.2d 103
C.A.3.N.J.,1990
Mere medical malpractice cannot give rise to a violation of the Eighth Amendment; only unnecessary and wanton infliction of pain or deliberate indifference to serious medical needs of prisoners are sufficiently egregious to rise to the level of a constitutional violation. U.S.C.A. Const.Amend. 8.

C [Cited 73 times for this legal issue]
West v. Keve, 571 F.2d 158
C.A.3 (Del.),1978
If deliberate indifference to serious medical needs of plaintiff prisoner caused an easier and less efficacious treatment to be provided by defendant officials of state correctional center, defendants violated plaintiff's Eighth Amendment rights by failing to provide adequate medical care. U.S.C.A.Const. Amend. 8.

▷ [Cited 72 times for this legal issue]
Rouse v. Plantier, 182 F.3d 192
C.A.3.N.J.,1999
Inmate's claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference to his medical needs, as required to support Eighth Amendment claim; deliberate indifference requires obduracy and wantonness. U.S.C.A. Const.Amend. 8.

▷ [Cited 68 times for this legal issue]
Rouse v. Plantier, 182 F.3d 192



© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

350HK1546                    *Exibit 3*                    Page 2

C.A.3.N.J.,1999
Insulin-dependent diabetic inmates, whose blood sugar levels remained at or near normal physiological levels over time, had already achieved primary goal of diabetes management and therefore did not require same level of intensive medical treatment as their unstable counterparts, for purposes of inmates' claim that various corrections officials and employees were deliberately indifferent to their serious medical needs, in violation of Eighth Amendment. U.S.C.A. Const.Amend. 8.
▷ [Cited 67 times for this legal issue]
White v. Napoleon, 897 F.2d 103
C.A.3.N.J.,1990
Prisoner's complaint that prison doctor deliberately treated prisoner with an inappropriate drug for no valid reason was sufficient to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, even though the complaint alleged only that prisoner suffered anxiety and not that his physical condition grew worse as result of the treatment. U.S.C.A. Const.Amend. 8.
▷ [Cited 61 times for this legal issue]
Natale v. Camden County Correctional Facility, 318 F.3d 575
C.A.3.N.J.,2003
"Deliberate indifference," required to establish violation of prisoner's Eighth Amendment right to adequate medical care, is subjective standard of liability consistent with recklessness as that term is defined in criminal law. U.S.C.A. Const.Amend. 8.
See publication Words and Phrases for other judicial constructions and definitions.
▷ [Cited 58 times for this legal issue]
Natale v. Camden County Correctional Facility, 318 F.3d 575
C.A.3.N.J.,2003
Proof of violation of prisoner's Eighth Amendment right to adequate medical care requires evidence showing (1) serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. U.S.C.A. Const.Amend. 8.
▷ [Cited 58 times for this legal issue]
Durmer v. O'Carroll, 991 F.2d 64
C.A.3.N.J.,1993
Although prison systems have duty to provide prisoners with adequate medical care, simple medical malpractice is insufficient to present constitutional violation and prison authorities are accorded considerable latitude in diagnosis and treatment of prisoners. U.S.C.A. Const.Amend. 8.
▷ [Cited 45 times for this legal issue]
Colburn v. Upper Darby Tp., 946 F.2d 1017
C.A.3.Pa.,1991
Two components of concept of serious medical need of prisoners, as to which deliberate indifference by prison officials violates Eighth Amendment's prescription of cruel and unusual punishment, are that the detainee's condition must be such that failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death, and that the condition be one that has been diagnosed by physician as requiring treatment or one that is so obvious that lay person would easily recognize necessity for doctor's attention. U.S.C.A. Const.Amend. 8.
▷ [Cited 43 times for this legal issue]
Rouse v. Plantier, 182 F.3d 192
C.A.3.N.J.,1999
Inmate alleging that failure to provide him treatment violated Eight Amendment must demonstrate (1) that defendants were deliberately indifferent to his medical needs and (2) that those needs were serious. U.S.C.A. Const.Amend. 8.
▷ [Cited 37 times for this legal issue]
Spruill v. Gillis, 2004 WL 1366974
C.A.3.Pa.,2004
A non-medical prison official cannot be liable for deliberate indifference to prisoner's serious medical needs, under the Eighth Amendment, if prisoner is under the care of prison medical personnel, absent a reason to believe, or actual knowledge, that prison doctors or their assistants are mistreating or not treating a prisoner. U.S.C.A. Const.Amend. 8.
▷ [Cited 36 times for this legal issue]
Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

<u>FORM #585</u>

MEDICAL GRIEVANCE

FACILITY: D.C.C.

INMATE'S NAME: Angelo Lee Clark

HOUSING UNIT: Bldg #23

DATE SUBMITTED: 9/25/06

SBI#: 123209

CASE #: _____

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: All-Day

TYPE OF MEDICAL PROBLEM:
I'm having side effects, out of my psychotropic meds, I had to stop taking the Cogentin and Visterile, because it was making me do unusual strange things in the wee hours of night. And I never been able to take Cogentin, even going back to the Delaware State Hospital days, my neck, and feet, and fingers cramp up periodically. Dr. Cuculny knows about my situation.

GRIEVANT'S SIGNATURE: Angelo Lu Clark    DATE: 9/25/06

ACTION REQUESTED BY GRIEVANT: Would love to be healthy once again!

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED SEP 27 2006
Inmate Grievance Office

<u>NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.</u>

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

<u>Intake Action</u>: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed. _____Disciplinary Action   _____Parole Decision
_____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are <u>not</u> accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

ACTION REQUESTED MUST BE SPECIFIC

_____                          9.29.06
Inmate Grievance Chairperson                                 Date


Form#: 584 (F&B)
(Reverse Revised July '99)

