IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELO CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-465-SLR |
| | ) |
| REGIONAL MEDICAL FIRST | ) |
| CORRECTIONAL, MANAGER ANGELA | ) |
| WILSON, CORRECTIONAL MEDICAL | ) |
| SYSTEMS, and REGIONAL MANAGER | ) |
| ROBERT M. HOOPER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motions to amend/correct are granted, that the motion to seal document is granted, and that the claims against Regional Medical First Correctional, Manager Angela Wilson, and Regional Manager Robert M. Hooper are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Angelo Clark, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action on July 31, 2006 pursuant to 42 U.S.C. § 1983. (D.I. 2) He amended his complaint a short time later. (D.I. 8) Plaintiff appears pro se and has been granted leave to proceed in forma

pauperis.

2.  **Standard of Review.**  When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3.  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff alleges he was given medication that has caused nerve damage, he has not seen a psychiatrist about his medication and, despite his complaints, he is not being treated appropriately. Filed as exhibits are medical grievances that specifically refer to complaints made about medical care provided by Correctional Medical Systems ("CMS") and its employees.

5. **Personal Involvement**. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The complaint contains no information to apprise Regional Medical First Correction of the claims brought against it. Accordingly, it is dismissed as a defendant, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

6. Plaintiff also names as defendants Manager Angela Wilson

("Wilson") and Regional Manager Robert M. Hooper ("Hooper") in the caption of the complaint and in the section listing the defendants. It appears that plaintiff seeks to hold Wilson and Hooper liable on the basis of their supervisory positions. The complaint contains no allegations against the defendants other than to state their titles.

7. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). There is nothing in the complaint to indicate that Wilson or Hooper were the "driving force [behind]" plaintiff's allegations. More so, the complaint does not indicate that these defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Therefore, the court will dismiss without prejudice the claims against Wilson and Hooper as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. Plaintiff filed several motions to amend/correct his complaint and amended complaint. The motions seek to have documents considered as exhibits to the complaint. (D.I. 10, 12, 14) The motions are granted and the exhibits will be considered as part of the record. Plaintiff also moves to seal documents which contain personal information. (D.I. 13) The motion is granted.

9. **Conclusion.** Based upon the foregoing analysis, the claims against defendants Regional Medical First Correctional, Manager Angela Wilson, and Regional Manager Robert M. Hooper are dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A. The motions to amend and the motion to seal are granted. (D.I. 10, 12, 13, 14) Plaintiff may proceed against the remaining defendant.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendant Correctional Medical Systems**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c).

**Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendant and the attorney general. Plaintiff shall also provide the court with copies of the amended complaint with exhibits (D.I.8), motions to amend/correct with exhibits (D.I. 10, 12, 14) for service upon the remaining defendant and the attorney general. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3.   Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and the amended complaint (D.I. 2, 8), the motions to amend/correct (D.I. 10, 12, 14), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

    4.   Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said

defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5.   Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    6.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    7.   **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

    8.   **NOTE:** *** Discovery motions and motions for appointment

of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                       /s/ *[signature]*
                                       UNITED STATES DISTRICT JUDGE