12-15-06

# United States District Court

CA# 06-465-S.L.R.

Peter T. Dalleo,
Clerk of Court!

844 King Street
U.S. Court House
Wilmington, DE
19801

CASE CAPTION: Clark v. Regional Medical : First Correctional, ET.AL.

1. - AMENDMENTS!

GRIEVIENCES THAT WERE UNRESOLVED AND -5- EXIBIT CASE LAW'S including Cruel AN UNUSUAL Punishment, MENTAL Anguish AND E.T.C.!

Thanks Kindly For your Time and Patience!

Angelo Lee Clark
D.C.C
1181 Paddock Rd.
Smyrna, De
19977

S.B.I # 123209

FILED
DEC 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned



IM Angelo Lu Clark
SBI# 123209 UNIT Rue Bldg #19-B-Tier upper-2-cell
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court!
844 N. King Street, Lockbox #16
Wilmington, Delaware 19801-3570



350HK1546 Page 1

## Most Cited Cases

**H** [Cited 3 times for this legal issue]
Griswold v. Morgan, 2005 WL 1763765
350H SENTENCING AND PUNISHMENT
350HVII Cruel and Unusual Punishment in General
350HVII(H) Conditions of Confinement
350Hk1546
W.D.N.Y.,2005

**SHU LAW LIBRARY**

A claim for negligence or malpractice does not constitute a viable Eighth Amendment claim of cruel or unusual punishment by deliberate indifference to a prisoner's serious medical need. U.S.C.A. Const.Amend. 8.

[Cited 3 times for this legal issue]
Jackson v. Fauver, 2004 WL 2165842
D.N.J.,2004
To establish a violation of his Eighth Amendment right to adequate medical care, an inmate must show (1) a serious medical need, and (2) acts or omissions by prison officials that indicated deliberate indifference to that need. U.S.C.A. Const.Amend. 8.

**H** [Cited 2 times for this legal issue]
Carter v. Fagin, 2005 WL 767882
S.D.N.Y.,2005
State inmate's claim that prison physician refused to treat his jaw condition by permitting him to have warm water compresses was sufficient to satisfy objective and subjective components of deliberate indifference to serious medical needs claim, in light of inmate's allegations that he was suffering great pain, treatment had been recommended and had proven effective in alleviating that pain, no other treatment had proven effective, and physician knew compresses were effective yet discontinued them, despite recommendations of all physicians and dentists who had examined inmate. U.S.C.A. Const.Amend. 8.

**H** [Cited 2 times for this legal issue]
Wynn v. Mundo, 2005 WL 1027040
M.D.N.C.,2005
In determining whether prison officials are deliberately indifferent to a prisoner's serious medical needs, under the Eighth Amendment, the court may generally rely on medical records concerning examination and treatment of the prisoner. U.S.C.A. Const.Amend. 8.

[Cited 2 times for this legal issue]
Jackson v. Fauver, 2004 WL 2165842
D.N.J.,2004
For purposes of Eighth Amendment deliberate indifference claim, a "serious medical need" is a need diagnosed by a physician that the physician believes to require medical treatment, or a need that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. U.S.C.A. Const.Amend. 8.
See publication Words and Phrases for other judicial constructions and definitions.

[Cited 2 times for this legal issue]
Jackson v. Fauver, 2004 WL 2165842
D.N.J.,2004
Prisoner raised genuine issues of material fact as to whether prison defendants were deliberately indifferent to his serious medical need for treatment for his hernia and vascular disease, precluding summary judgment in favor of prison defendants on Eighth Amendment claim; however, prisoner failed to establish Eighth Amendment claim with regard to the treatment he received for his rectal bleeding since prisoner was unable to show how he was injured by the alleged improper monitoring of that problem. U.S.C.A. Const.Amend. 8.

**C** [Cited 2 times for this legal issue]
Davis v. Reilly, 2004 WL 1551588
E.D.N.Y.,2004
Claims under § 1983 of inadequate medical care by prison officials are governed by Eighth Amendment if plaintiff is convicted prisoner, and by Fourteenth Amendment if plaintiff is pre-trial detainee. U.S.C.A. Const.Amend. 8, 14; U.S.C.A. § 1983.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**H** [Cited 2 times for this legal issue]
Pabon v. Wright, 2004 WL 628784
S.D.N.Y.,2004
State prisoners' allegations that physicians failed to advise them of risks associated with use of Interferon to treat Hepatitis C, and improperly "forced" them to undergo liver biopsies before beginning Interferon treatment, did not evince deliberate indifference to prisoners' conditions, as required to support claims for violation of Eighth Amendment; allegations amounted to claims for mere negligence or, at most, medical malpractice. U.S.C.A. Const.Amend. 8.

**H** [Cited 2 times for this legal issue]
Brown v. Mitchell, 2004 WL 489037
E.D.Va.,2004
Plaintiff asserting claim under Eighth Amendment for prison guards' deliberate indifference to inmate's serious medical needs must show that: (1) objectively medical need was serious; and (2) subjectively guards acted with sufficiently
culpable state of mind, that is, they failed to act in face of subjectively known risk. U.S.C.A. Const.Amend. 8.

**H** [Cited 1 time for this legal issue]
Jones v. Goord, 2006 WL 1489240
S.D.N.Y.,2006
Injury and disease allegedly caused by double-celling in New York's maximum-security prisons did not create an unreasonable risk of serious damage to inmates' health, in violation of the Eighth Amendment; although nine inmates had been injured getting into or out of the top bunk in their cells and six inmates caught colds from their cellmates, there was no evidence that the design or placement of the bunks was unsafe, or that any inmate actually contracted, or was even exposed to, a serious disease from his cellmate in a double cell. U.S.C.A. Const.Amend. 8.

**C** [Cited 1 time for this legal issue]
Glass v. Rodriguez, 417 F.Supp.2d 943
N.D.Ill.E.Div.,2006
Where a prison physician provides constitutionally acceptable care, his or her inability to effect a final cure is not proof of deliberate indifference to a prisoner's serious medical needs, in violation of the Eighth Amendment. U.S.C.A. Const.Amend. 8.

**C** [Cited 1 time for this legal issue]
Baird v. Alameida, 407 F.Supp.2d 1134
C.D.Cal.,2005
Inmate's personal disagreement with prison officials about his need for a particular medical treatment cannot give rise to an Eighth Amendment civil rights claim based on deliberate indifference. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

**H** [Cited 1 time for this legal issue]
Roach v. SCI Graterford Medical Dept., 398 F.Supp.2d 379
E.D.Pa.,2005
Prison official cannot be found liable under Eighth Amendment "unless" official knows of and disregards excessive risk to inmate health and safety; official must both be aware of facts from which the inference could be drawn that substantive risk of serious harm exists and he must also draw that inference, i.e., court must determine whether prison official acted or failed to act despite his knowledge of substantial risk of serious harm, and allegations of inadvertent failure to provide adequate medical care or negligent diagnosis fail to establish requisite culpable state of mind. U.S.C.A. Const.Amend. 8.

**C** [Cited 1 time for this legal issue]
Martin v. Somerset County, 2005 WL 2077098
D.Me.,2005
County jail officials did not show deliberate indifference to inmate, in violation of Eighth Amendment, when they did not apply cardio-pulmonary resuscitation (CPR) after inmate hanged himself using bed sheet, and officials cut him down; inmate was warm and appeared to be breathing, and it was only few minutes until emergency medical team arrived. U.S.C.A. Const.Amend. 8.

**H** [Cited 1 time for this legal issue]
Williams v. First Correctional Medical, 2005 WL 1714322
D.Del.,2005
Claim of violation of inmate's Eighth Amendment right to adequate medical care requires showing that: (1) inmate

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

had serious medical need, and (2) defendant was aware of that need and was deliberately indifferent to it. U.S.C.A. Const.Amend. 8.

**H** [Cited 1 time for this legal issue]
Williams v. First Correctional Medical, 2005 WL 1714322
D.Del.,2005
Physician's failure to treat state prison inmate's hernia as inmate considered proper, i.e. placing inmate on surgical call with outside hospital, could not constitute deliberate indifference to inmate's medical needs; inmate had been treated for condition in question, and inmate made no showing that treatment was not adequate and proper, but rather merely disagreed with treatment. U.S.C.A. Const.Amends. 8, 14.

**C** [Cited 1 time for this legal issue]
Allah v. Goord, 405 F.Supp.2d 265
S.D.N.Y.,2005

*[handwritten: MENTAL ANGUISH ↓]*

Eighth Amendment deliberate indifference standard contains both objective and subjective prong, and under the objective prong inmate must prove that deprivation alleged is objectively sufficiently serious such that inmate was denied the minimal civilized measure of life's necessities; this includes not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain. U.S.C.A. Const.Amend. 8.

*[handwritten: ↑ My mental issue is that I am manic-Bipolar-Depressive with a touch of stuzo.]*

**H** [Cited 1 time for this legal issue]
Wynn v. Mundo, 367 F.Supp.2d 832
M.D.N.C.,2005
The one and one-half day delay between prisoner's first complaints of flu-like symptoms, including aches, chills, and fever, and his subsequent treatment and diagnosis of pneumonia by physician did not constitute deliberate indifference by prison officials to prisoner's health and safety, for purpose of prisoner's § 1983 Eight Amendment claim; the delay did not deny prisoner the minimal civilized measures of life's necessities and it caused no substantial harm. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

**C** [Cited 1 time for this legal issue]
O.K. v. Bush, 344 F.Supp.2d 44
D.D.C.,2004

*[handwritten: Why did the inadequacy of this medical vendor's treat me like an experiment or Exibit or Research Monki]*

"Deliberate indifference" standard for assessment of claims of deficient medical care was developed to assess the claims of prisoners under the Eighth Amendment; the standard of care for a pre-trial detainee who has not yet been convicted, however, is governed by the Due Process Clause of the Fifth and Fourteenth Amendments rather than by the Eighth Amendment. U.S.C.A. Const.Amends. 5, 8, 14.

**P** [Cited 1 time for this legal issue]
Veloz v. New York, 2004 WL 2274777
S.D.N.Y.,2004
To establish a claim of inadequate medical care in violation of the Eighth Amendment, a prisoner must allege acts or omissions demonstrating deliberate indifference to a substantial risk of serious harm. U.S.C.A. Const.Amend. 8.

*[handwritten: instead like a human being with a illness.]*

**P** [Cited 1 time for this legal issue]
Veloz v. New York, 2004 WL 2274777
S.D.N.Y.,2004
The "sufficiently serious" requirement for a prisoner's Eighth Amendment claim of inadequate medical care contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. U.S.C.A. Const.Amend. 8.

*[handwritten: In your case Mental Anguish is extreme pain that's hard 2 prove Get on top of this A.S.A.P.!!!]*

**P** [Cited 1 time for this legal issue]
Veloz v. New York, 2004 WL 2274777
S.D.N.Y.,2004
Alleged failure of medical providers to give prisoner prescription medication to manage his back pain, if proven, did not constitute deliberate indifference to his immediate serious medical needs in violation of Eighth Amendment, where there was no evidence that alleged failure was anything other than medical decision, and providers' decision was situated within overall treatment plan that included X-rays, MRIs, CT scan, EMG, and numerous consultations with specialists. U.S.C.A. Const.Amend. 8.

*[handwritten: That's not hard to prove because they the med vendor's for D.C.C. know my diagnosis!]*

**P** [Cited 1 time for this legal issue]
Veloz v. New York, 2004 WL 2274777
S.D.N.Y.,2004
Differences in opinion by a doctor and a prisoner over the appropriate medication to be prescribed is a disagreement

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

over a treatment plan and does not implicate the Eighth Amendment. U.S.C.A. Const.Amend. 8.
▷ [Cited 1 time for this legal issue]
Veloz v. New York, 339 F.Supp.2d 505
S.D.N.Y.,2004
To establish deliberate indifference to medical needs in violation of the Eighth Amendment, a prisoner must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare. U.S.C.A. Const.Amend. 8.
▷ [Cited 1 time for this legal issue]
Jackson v. Fauver, 2004 WL 2165842
D.N.J.,2004

READ THIS 4 YOURSELF

In light of expert's opinion and findings that prison defendants failed to properly monitor and control the level of sugar in prisoner's blood, and that such failure resulted in irreversible damage to prisoner's heart and kidneys, prisoner raised genuine issues of material fact as to whether prison defendants were deliberately indifferent to his serious need for medical care for diabetes, precluding summary judgment in favor of prison defendants on Eighth Amendment claim; however, prisoner failed to establish Eighth Amendment claim with regard to the treatment of his cardiac problems since he failed to show that defendants ignored or refused to treat his cardiac problems or that he was exposed to treatment under unsanitary conditions. U.S.C.A. Const.Amend. 8.
▷ [Cited 1 time for this legal issue]
Jackson v. Fauver, 2004 WL 2165842
D.N.J.,2004
In evaluating a claim for deliberate indifference to an inmate's medical needs, a court should consider the severity of the inmate's medical problems, and the potential for harm if the medical care is "denied or delayed;" court may also consider the actual harm that resulted from the defendant's alleged indifference to the inmate's serious medical needs. U.S.C.A. Const.Amend. 8.
▷ [Cited 1 time for this legal issue]
Jackson v. Fauver, 2004 WL 2165842
D.N.J.,2004
Prisoner failed to establish that prison defendants were deliberately indifferent to his serious need for medical care for his nasal tumor and headaches; prisoner did not demonstrate that he suffered from a serious medical condition that defendants ignored since his medical records showed that he was promptly seen by prison physicians, an outside specialist, and a neurologist, and that a CT scan revealed only the presence of a non-threatening cyst or polyp. U.S.C.A. Const.Amend. 8.
C [Cited 1 time for this legal issue]
Evan v. Manos, 2004 WL 2126744
W.D.N.Y.,2004
An inmate's mere disagreement over the proper medical treatment does not create a constitutional claim under the Eighth Amendment; so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation. U.S.C.A. Const.Amend. 8.
C [Cited 1 time for this legal issue]
Evan v. Manos, 2004 WL 2126744
W.D.N.Y.,2004
Although a delay in medical care can demonstrate deliberate indifference to a prisoner's medical needs, a prisoner's Eighth Amendment rights are violated only where the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might be alleviated through reasonably prompt treatment. U.S.C.A. Const.Amend. 8.
C [Cited 1 time for this legal issue]
Evan v. Manos, 2004 WL 2126744
W.D.N.Y.,2004
Prison doctor's alleged conduct of delaying inmate's examination and treatment for an alleged back injury did not amount to deliberate indifference in violation of the Eighth Amendment; inmate was given pain relievers both before and after he was evaluated by physician, x-rays were negative, there was no evidence the x-ray results led, or should have led, doctor to alter inmate's course of treatment, and there was no evidence that doctor intended to cause inmate to suffer unnecessary pain. U.S.C.A. Const.Amend. 8.
H [Cited 1 time for this legal issue]
Kunze v. Rauser, 332 F.Supp.2d 1269

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

D.N.D.SW.Div.,2004
State prison employees were not deliberately indifferent to serious medical need of inmate, as required to establish Eighth Amendment violation, when he was examined by eight physicians, three of them throat specialists, after announcing he was suffering from throat cancer, was subjected to battery of tests which produced negative cancer results, and was treated for lesser conditions discovered as result of examination. U.S.C.A. Const.Amend. 8.
**C** [Cited 1 time for this legal issue]
Rodriguez v. Yin, 2004 WL 1663999
W.D.N.Y.,2004
Prison doctors were not deliberately indifferent to serious medical needs of prisoner whom they treated for severe back pain in following conservative course of treatment involving pain medication and anti-inflammatory drugs, and continuing that treatment after outside specialist suggested without conclusively diagnosing slight herniation of one disc; there was no misdiagnosis, malpractice, or suggestion that doctors made condition worse. U.S.C.A. Const.Amend. 8.
**P** [Cited 1 time for this legal issue]
Carrasquillo v. City of New York, 324 F.Supp.2d 428
S.D.N.Y.,2004
In the context of claim that government employee was deliberately indifferent to prisoner's medical needs, "deliberate indifference" has both an objective and a subjective element: the objective prong requires that the alleged deprivation be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists, while the subjective prong requires that the charged official have the requisite state of mind, equivalent to criminal recklessness, of knowledge of, and conscious disregard for, this serious risk. U.S.C.A. Const.Amend. 8.
See publication Words and Phrases for other judicial constructions and definitions.
**C** [Cited 1 time for this legal issue]
Rumsey v. Michigan Dept. of Corrections, 2004 WL 1682906
E.D.Mich.S.Div.,2004
Difference of opinion between inmate and physician with respect to diagnosis and treatment does not rise to level of constitutional deprivation. U.S.C.A. Const.Amend. 8.
**H** [Cited 1 time for this legal issue]
Pabon v. Wright, 2004 WL 628784
S.D.N.Y.,2004
State prisoners' allegations that physicians delayed treatment of their Hepatitis C by requiring them to undergo prerequisite liver biopsies did not evince deliberate indifference to prisoners' conditions, as required to support claims for violation of Eighth Amendment; evidence of minimal delays in treatment suggested at most several acts of negligence. U.S.C.A. Const.Amend. 8.
**C** [Cited 1 time for this legal issue]
Lawrence v. Virginia Dept. of Corrections, 2004 WL 537989
E.D.Va.,2004
In addition to establishing that prison personnel acted with deliberate indifference to serious medical need, to succeed on § 1983 claim for violation of Eighth Amendment, prisoner must show that he or she suffered from serious injury as result of defendants' conduct. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.
**C** [Cited 1 time for this legal issue]
Lawrence v. Virginia Dept. of Corrections, 2004 WL 537989
E.D.Va.,2004
Prison physician was not deliberately indifferent to inmate's serious medical needs, in violation of Eighth Amendment, where physician examined him 13 times over 18-month period, diagnosed inmate's conditions, wrote numerous prescriptions, and ordered several tests. U.S.C.A. Const.Amend. 8.
**P** [Cited 1 time for this legal issue]
House v. County of Macomb, 2004 WL 329337
E.D.Mich.S.Div.,2004
When prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment. U.S.C.A. Const.Amend. 8.
**H** [Cited 1 time for this legal issue]
Williams v. Koenigsmann, 2004 WL 315279

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FORM #585

MEDICAL GRIEVANCE

FACILITY: D.C.C.

INMATE'S NAME: Angelo Lee Clark

HOUSING UNIT: ~~Infirmary~~ -Stu-

DATE SUBMITTED: 10/11/06

SBI#: 123209

CASE #: _____

SECTION #1   (NURSE SUPERVISOR) (GAIL) VERY URGENT

DATE & TIME OF MEDICAL INCIDENT: 10/11/06 3:30-A.M MORNING MEDS

TYPE OF MEDICAL PROBLEM:

I Angelo Lee Clark, was awakened by nurse "Cheryl" for my A.M-Med's, and she gave me three '2' percent in volume Addavant tablets along with my heart, and high blood pressure meds along with the rest of my morning med's, and I'm only suppose to have one '2' percent volume of Addavant at morning meds, and one at night P.M-Med's.

GRIEVANT'S SIGNATURE: Angelo Lee Clark   DATE: 10/11/06

ACTION REQUESTED BY GRIEVANT: I already talked to my attorney this afternoon, about this issue, I'm just tired of the pain and suffering of a inadaquate medical system.

DATE RECEIVED BY MEDICAL UNIT: _____

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

RECEIVED
NOV 06 2006
Inmate Grievance Office

Around the time I (Heart Stopped) ("HAD") Heart Attack (went to Kent Gen Hosp! same night.)

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

<u>Intake Action:</u> This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.   _____Disciplinary Action   _____Parole Decision   _____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are <u>not</u> accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

*ACTION REQUEST MUST BE SPECIFIC*

_____
Inmate Grievance Chairperson

11-7-06
Date

Form#: 584 (F&B)
(Reverse Revised July '99)

DCC Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261

Date: 11/08/2006

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** CLARK, ANGELO L | **SBI#** : 00123209 | **Institution** : DCC |
| **Grievance #** : 79263 | **Grievance Date** : 10/28/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Resol. Date** : |
| **Grievance Type:** Medical Staff | **Incident Date** : 10/28/2006 | **Incident Time** : 17:15 |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg D/Infirmary, Tier D, Cell 190, Single | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: I was being observed for my PM med's that was distributed by a white male nurse and Ms. Lorraine and I was given to take at least 6 or 7 extra pills that I normally don't take when Betty or Tonya dispense the PM meds. I know for a fact what med's I take because I've been taking them for 30 years since becoming manic-depressive and Bipolar and some times a little schizophrenic.

**Remedy Requested** : I fear for my life and one day if possible I hope I can get my health back in order, if I can be treated on a professional level!

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance:** YES | **Date Received by Medical Unit:** 11/08/2006 |
| **Investigation Sent:** 11/08/2006 | **Investigation Sent To** : Rodweller, Deborah |
| **Grievance Amount:** | |

Page 1 of 2

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 11/08/2006

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : CLARK, ANGELO L | **SBI#** : 00123209 | **Institution** : DCC |
| **Grievance #** : 79263 | **Grievance Date** : 10/28/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Medical Staff | **Incident Date** : 10/28/2006 | **Incident Time :** 17:15 |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg D/Infirmary, Tier D, Cell 190, Single | |

### INFORMAL RESOLUTION

**Investigator Name** : Rodweller, Deborah                **Date of Report** 11/08/2006

**Investigation Report :**

**Reason for Referring:**

**Offender's Signature:** _____

**Date** : _____

**Witness (Officer)** : _____

FORM #585

MEDICAL GRIEVANCE

FACILITY: D.C.C. Shu-B-L-7#
INMATE'S NAME: Angelo Lee Clark
HOUSING UNIT: Shu-L-7

DATE SUBMITTED: 10/20/06
SBI#: 123209
CASE #: 80243

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 3:30-A.M-Meds

TYPE OF MEDICAL PROBLEM:

I inmate, Angelo Lee Clark was given my morning meds by a nurse who was dispensing A.M meds on B-Tier at the time, and I asked her where was my Nitro Patch and she ignored me, and kept walking, I even asked her was she going to take my blood pressure even though I have a order for it.

RECEIVED
OCT 26 2006
Inmate Grievance ...

GRIEVANT'S SIGNATURE: Angelo Lee Clark    DATE: 10/20/06

ACTION REQUESTED BY GRIEVANT: I personally understand that not only the medical vendors for the Dept of Corrections, but most of the staff medical of D.C.C., are very inadequate in every thing that they do, treatment or E.T.C

DATE RECEIVED BY MEDICAL UNIT: _____

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

<u>Intake Action:</u> This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.    _____Disciplinary Action    _____Parole Decision
_____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances** must be submitted to the Inmate Grievance Chairperson. Photocopies are <u>not</u> accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

*Action Requested Must Be Specific*

_____
Inmate Grievance Chairperson

11-8-06
Date

Form#: 584 (F&B)
(Reverse Revised July '99)

FORM #585

MEDICAL GRIEVANCE

FACILITY: D.C.C.  
INMATE'S NAME: Angelo Lee Clark  
HOUSING UNIT: Bldg #19 - upper - 2 - cell  

DATE SUBMITTED: 10/26/06  
SBI#: 123209  
CASE #: _____

SECTION #1   ( NURSE SUPERVISOR  
                Ms Gail ! )

DATE & TIME OF MEDICAL INCIDENT: 4:45 P.M Evening meds on 11-26-06

TYPE OF MEDICAL PROBLEM:

I Angelo Lee Clark, was given my P.M meds by Nurse Betty, and she gave me 2 "2" percent 444-tablets of Addavant and, what makes me feel so uncomfortable with most of the inaddaquate Nurse's dispensing the meds, they just don't care anything about there Job titles or lisence, or whatever they had to do to aquire the Position. Now she is trying to bring harm to me, she knows I take Heart and Blood pressure med along with the addavant, to much addavant along with my other meds would kill me.

GRIEVANT'S SIGNATURE: Angelo Lee Clark    DATE: 11/26/06

ACTION REQUESTED BY GRIEVANT: I sent copy to my Judge and Lawyer in District Court, and I fear for my life. and I'm sending the other addavant to my Judge at District Court. Ms Gail y/n told me several months ago that these nurse was going to change for the...

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED  
DEC 01 2006  
Inmate Grievance Office

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

<u>Intake Action:</u> This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.   _____Disciplinary Action   _____Parole Decision
_____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are <u>not</u> accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

*WHAT ACTION ARE YOU REQUESTING*

_____     12-6-06
Inmate Grievance Chairperson         Date

Form#: 584 (F&B)
(Reverse Revised July '99)

FORM #585

MEDICAL GRIEVANCE

FACILITY: D.C.C.
INMATE'S NAME: ANGELO LEE CLARK
HOUSING UNIT: Bldg #19 upper 2 cell

DATE SUBMITTED: 11/14/06
SBI#: 123209
CASE #: _____

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: 1:15 P.M AFTERNOON   Nurse Supervisor Mrs Hal

TYPE OF MEDICAL PROBLEM: I Angelo L Clark, was conned by Nurse Supervisor Gail, along with other Regional Medical Staff members employee's that she had with her, and she told and somewhat convinced me that I only had one heart attack, and it was on 10/11/06, but she forgot about the major heart attack I had in September, it was so bad they put me in Kent General Hosp. for over three days, and seven days before I had my first heart attack Nurse Dr. order that my blood pressure be checked everyday for ___ Practitioner Doctor

GRIEVANT'S SIGNATURE: Angelo Lee Clark        DATE: 11/14/06

ACTION REQUESTED BY GRIEVANT: I would like the lieing and conniving stop out of this inadequate medical system. I've sent a copy to my Attorney!

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

FORM #585

## MEDICAL GRIEVANCE

Nurse Supervisor mis "Gail"

FACILITY: __D.C.C.__   BU 2   DATE SUBMITTED: __11/14/06__

INMATE'S NAME: __Angelo Lee Clark__   SBI#: __123209__

HOUSING UNIT: __Bldg #19 - upper 2-cell__   CASE #: __84304__

////////////////////////////////////////////////////////////////////////////

### SECTION #1

Nurse Supervisor mis "Gail"

DATE & TIME OF MEDICAL INCIDENT: __1:15 P.M Afternoon__

TYPE OF MEDICAL PROBLEM:

I inmate Angelo Lee Clark was, conned by Nurse Supervisor Gail along with the other Regional Employee's she had with her, and she told and somewhat convinced me that I only had one heart attack and that was on 10/11/06 - but she forgot the major one I had on in September where I stayed in Kent General Hospital four over three Days and seven days before I had a heart attack in September my Blood Pressure was suppose to be take on a daily basis. It was ordered by Nurse Practitioner Dretti

GRIEVANT'S SIGNATURE: __Angelo Lee Clark__   DATE: __11/14/06__

ACTION REQUESTED BY GRIEVANT: __I would like the lieing and caniving, of a inadequate medical system to stop, theres a lot of inicent sickly lives at stake. Also I've sent copy to my attorney.__

DATE RECEIVED BY MEDICAL UNIT: _____

RECEIVED NOV 20 2006 Inmate Grievance Office

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

<u>Intake Action:</u> This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.  _____Disciplinary Action  _____Parole Decision  _____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are <u>not</u> accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

*YOU FAILED TO SUBSTANTIATE THE ALLEGATION THAT YOU WERE LIED TO. INFORMATION RELAYED TO YOU BY NURSE ELLER WAS TAKEN FROM YOUR MEDICAL FILE.*

_____  _____
Inmate Grievance Chairperson                    12-1-06  Date

Form#: 584 (F&B)
(Reverse Revised July '99)

DCC  Delaware Correctional Center                             Date: 10/11/2006
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - Appeal

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : CLARK, ANGELO L | **SBI#** : 00123209 | **Institution** : DCC |
| **Grievance #** : 54703 | **Grievance Date** : 06/30/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Inmate Status** : |
| **Grievance Type**: Medical Staff | **Incident Date** : 06/30/2006 | **Incident Time** : 19:00 |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg ~~~~~~~Lower, Tier B, Cell 7, Single | |

### APPEAL REQUEST

Appeal arrived 10/9/2006. Appeal accepted, Cpl Merson did not collect grievances/appeals due to being out on leave.
Appeal states: I inmate Angelo Lee Clark is very unhappy with the grievance procedure that was explained to me by Capt. McCreanor and nurse supervisor Gail, about Quannie Neal¿s inadequacies to do her job professionally, along with a few more nurses that I can name that¿s nonprofessional. Over two month's ago I gave a copy of all the inadequate non professional grievances to all of my attorneys and even gave a copy to Washington DC lawyer that was hired by the state to see why there are so many medical mishaps with the medical dept. vendor¿s for the dept.

### REMEDY REQUEST