IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANGELO CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 06-465 SLR |
| v. | : | |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES'**
**REDACTED RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

In accordance with the Court's Order of July 17th, 2007 (D.I. 52), in response to Plaintiff's July 10, 2007 Motion to the Court (D.I. 44), that the Court has construed as Motion for Immediate Injunctive Relief, Correctional Medical Services, (CMS) by and through its undersigned counsel, hereby respectfully submits the following. By complying with the Court's July 17 Order, CMS does not intend to waive service of process or any jurisdictional or service defects which may be available to it, and its compliance should not be construed as a waiver of service or any jurisdictional defenses. CMS specifically reserves the right to raise jurisdictional and service defects which may be available to it.

**Background**

Plaintiff Angelo Clark is an inmate in the custody of the Delaware Correctional Center (DCC) in Smyrna, Delaware where he is serving a sentence after pleading guilty to Fourth Degree Rape arising from an incident that occurred on May 7, 2004 at the [REDACTED]. At the time of the incident, the Plaintiff was [REDACTED]. The Complaint that forms the basis of this lawsuit was filed on or about July 31, 2006 and the

Plaintiff has made subsequent filings on or about October 5, 2006 (DI 8), October 20, 2006 (DI 10), November 1, 2006 (DI 14), January 4, 2007 (DI 18), February 1, 2007 (DI 20), May 15, 2007 (DI 29), and May 29, 2007 (DI 30).  Separate from these and other filings in the Federal District Court, the Plaintiff has filed Motions for Post Conviction Relief in the Delaware Superior Court, all of which have been denied, the latest denial having been issued by the Delaware Superior Court on July 20, 2007.  See Superior Court Criminal Docket attached as exhibit A.    Plaintiff had been initially represented by counsel at the initial stages of his Petitions for Post Conviction Relief, but in April 2006, Plaintiff began filing letters and motions as a *Pro Se* litigant.

During the Plaintiff's incarceration at DCC, the Plaintiff has received medical attention and care from various providers, including Correctional Medical Services.  As the medical records reveal, the Plaintiff has been treated for various symptoms and conditions, including [REDACTED].  As part of the Plaintiff's care, he was evaluated and treated by [REDACTED].  [REDACTED].

[REDACTED] began treating the Plaintiff shortly after the beginning of his employment with CMS, in February 2006.  Throughout 2006, the Plaintiff was followed and treated for [REDACTED].  To treat these ailments, the Plaintiff was evaluated by [REDACTED].

[REDACTED].

[REDACTED].

[REDACTED].

While incarcerated at the DCC, both before and after the transfer to the [REDACTED] the Plaintiff has been followed by Correctional Medical Services' medical

staff, including [REDACTED] care providers, who have treated and continue to treat the Plaintiff for a number of symptoms and diagnosis, such as [REDACTED]. See Plaintiff's medical records for dates of service from June 13, 2007 to July 19, 2007 attached as exhibit H.

When the Plaintiff was discharged from [REDACTED] on June 13, 2007, and returned to DCC, he was admitted to the DCC infirmary. One of the admitting physicians was Dr. Anthony Cannuli, M.D, who performed a review of medications and placed the Plaintiff on [REDACTED]. On June 20, 2007, a [REDACTED]. See [REDACTED] attached as Exhibit I. On July 8, 2007, the Plaintiff indicated he was [REDACTED] . On July 10, 2007, the Plaintiff was observed as calm and cooperative indicated "he was okay where he was" and that he would wait to see Dr. Cannuli. See July 10, 2007 observation note attached as exhibit H. Dr. Cannuli examined the Plaintiff on July 19, 2007 after the Plaintiff indicated he was [REDACTED]. See also the Plaintiff's Medication Administration Records from September 2006 to July 19, 2007, attached as exhibit K.

As the Court views the July 10, 2007 "Complaint" as a Motion for Preliminary Injunction, defendant CMS contends that it is clear that Plaintiff is not entitled to a Preliminary Injunction because he has failed to meet the requisite standard for a preliminary injunction. Additionally, Plaintiff is already receiving medical care and treatment for his [REDACTED], thereby obviating the need for Court intervention.

## **Argument**

In order to prevail on a Motion for Preliminary Injunction, a Plaintiff must demonstrate that: 1) he is likely to succeed on the merits; 2) denial will result in

irreparable harm; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public interest. Kline v. Corr. Med. Servs., 2006 U.S. Dist. LEXIS 91968 *2 (D. Del.) (*citing* Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997)). Here, Plaintiff has not met the first two elements required to establish entitlement to a preliminary injunction, and the Motion must therefore fail. Specifically, Plaintiff has failed to show that he will prevail on the merits and that denial will result in irreparable harm. As to the remaining elements, Defendant submits that it is already providing adequate [REDACTED] care to the Plaintiff, obviating the need to address the final two elements required to issue a Decree of Preliminary Injunction.

     A.     Plaintiff Is Not Likely to Succeed on the Merits.

     To prevail in a 42 U.S.C. § 1983 cause of action against a medical service provider for inadequate medical treatment, an inmate must establish an Eighth Amendment violation by demonstrating a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). The Plaintiff must show that he has a serious medical need and that the Defendant was aware of this need and was deliberately indifferent to it. West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1978). It is not enough for the Plaintiff to prove that any individuals were medically negligent in rendering him care as medical malpractice is not enough to prove a constitutional violation. Estelle, 429 U.S. at 106. Finally, neither disagreement as to appropriate medical treatment nor claims of medical malpractice support a claim of an Eighth Amendment Violation. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); see also Estelle, 429 U.S. at 107 (noting inmates' claims against medical service providers are not

viable where he continues to receive care despite his belief that more should be done by way of diagnosis and treatment or that options available to medical service provider were not pursued); <u>Harrison v. Barkley</u>, 219 F.3d 132, 138-140 (2d Cir. 2000). Inmates have no right to choice of service, only that reasonable treatment is provided. <u>Harrison</u>, 219 F.3d at 136.

As Correctional Medical Services is a corporation, the Plaintiff must show that CMS had a policy or custom of being deliberately indifferent to a serious medical need. <u>Jackson v. First Corr. Med. Servs.</u>, 380 F. Supp.2d 387, 391-92, (D. Del. 2005). In order for CMS to be liable for a civil rights violation of subjecting the Plaintiff to Cruel and Unusual Punishment, the Plaintiff must prove that: 1) the policy or practice created an unreasonable risk of injury; 2) CMS was aware that the unreasonable risk existed; 3) CMS was indifferent to that risk; 4) Plaintiff's injury resulted from the policy. <u>See Collins v. Hunter</u>, 2007 U.S. Dist. LEXIS 3083, *14 (D. Del. 2007). Defendant submits that the Plaintiff cannot prevail on any elements necessary to establish a policy or custom of being indifferent to a serious medical need and as the medical records reveal, CMS' employees and subcontractors have rendered adequate care to the Plaintiff.

On June 20, 2007, the Plaintiff agreed to a [REDACTED]. As Dr. Cannuli's affidavit indicates, the Plaintiff has not been compliant [REDACTED]. Between June 13, 2007 and July 19, 2007, the Plaintiff has been evaluated and/or treated in an appropriate manner and is receiving [REDACTED]. The [REDACTED] the Plaintiff is shown to have received make it very implausible that there is any evidence of CMS instituting a policy of indifference, without which the plaintiff cannot prevail in his underlying claim.

The Motion the Plaintiff filed on July 10, 2007, alleges torture and abuse. However, on the July 10, 2007 Observation Note, the Plaintiff is observed as [REDACTED]. There does not appear to be any evidence in the medical records of torture and it appears more likely that the plaintiff was [REDACTED]. However, even if the Plaintiff were given substantial leeway in his failure to meet his burden of persuasion that he will likely succeed on the merits, the Plaintiff cannot produce any evidence that irreparable harm will result if an Injunction is not granted.

> B. There is no evidence that denial of an Injunction will result in Irreparable Harm to the Plaintiff.

As the medical records and Affidavit of Dr. Cannuli demonstrate, the Plaintiff continues to be [REDACTED]. As of July 19, 2007, the Plaintiff has agreed to be [REDACTED].

Attached as exhibit K are the Plaintiff's Medication Administration Records from June 2006 to July 19, 2007 that indicate the Plaintiff was prescribed [REDACTED]. On July 19, 2007, Dr. Cannuli examined the Plaintiff and observed that the Plaintiff [REDACTED]. The Plaintiff has since confirmed with Dr. Cannuli that he will be [REDACTED]. See affidavit of Dr. Cannuli attached as exhibit B.

The Plaintiff's recent court filings of July 20, 2007 (DI 65) wherein the Plaintiff has asked for a lawyer and his July 22, 2007 filing (DI 66) wherein the Plaintiff indicated that if he does not receive a lawyer that he would still like to go to trial, may be further evidence as a sign of [REDACTED].

As CMS, through its employees and subcontractors, has been providing adequate medical care to the Plaintiff and will continue to do so while the Plaintiff is in the custody of DCC, the Plaintiff cannot demonstrate irreparable harm if a Preliminary Injunction is

not granted and therefore cannot meet the second requirement of a preliminary
injunction.

## **Conclusion**

For the reasons stated herein, Plaintiff has failed to demonstrate his entitlement to
a preliminary injunction and the Motion should therefore be denied.

*/s/ Patrick G. Rock, Esquire*
Megan T. Mantzavinos, Esquire/ID No. 3802
Patrick G. Rock, Esquire/ID No. 4632
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*
*Correctional Medical Services*

# SEALED
# DOCUMENT

# EXHIBIT B

# SEALED
# DOCUMENT


# EXHIBIT C

{DE087263.1}

# SEALED
# DOCUMENT


# EXHIBIT D

# SEALED
# DOCUMENT


# EXHIBIT E

# SEALED
# DOCUMENT

# EXHIBIT F

# SEALED
# DOCUMENT


# EXHIBIT G

# SEALED DOCUMENT

## EXHIBIT H

Plaintiff's medical records for dates of service from June 13, 2007 to July 19, 2007

# SEALED
# DOCUMENT

# EXHIBIT I

{DE087279.1}

# SEALED
# DOCUMENT


# EXHIBIT J

# SEALED
# DOCUMENT


## EXHIBIT K

Plaintiff's Medication
Administration Records

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANGELO CLARK,                              :
                                          :
        Plaintiff,                         :
                                          :        Civil Action No.: 06-465 SLR
        v.                                 :
                                          :
CORRECTIONAL MEDICAL SERVICES, :
                                          :
        Defendants.                        :

## **ORDER**

AND NOW this _____ day of _____, 2007, after consideration of

the Plaintiff's Motion for Preliminary Injunction and the Defendant's Response thereto,

IT IS ORDERED, that the Plaintiff's Motion is Denied.


_____
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANGELO CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-465 - SLR |
| | : | |
| REGIONAL MEDICAL FIRST | : | |
| CORRECTIONAL, | : | |
| MANAGER ANGELA WILSON, AND | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| | : | |
| Defendants. | : | |

---

### CERTIFICATE OF SERVICE

---

I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C., hereby certify

that on this **30ᵗʰ** day of **July**, 2007, two copies of the attached **Response to Motion for Preliminary**

**Inunction** were served by regular mail, first class, postage prepaid, upon the following individual

   Inmate Angelo Clark, *Pro Se*
   SBI #123209
   Delaware Correctional Center
   1181 Paddock Road
   Smyrna, DE 19977


                                          **/s/ Patrick G. Rock**
                                          Patrick G. Rock, Esquire (I.D. No. 4632)
                                          *Attorney for Defendant CMS*

DE087256.1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                      ( as of   07/24/2007 )

                                                        DOB:        1955
State of Delaware v.  ANGELO L CLARK
State's Atty: STUART E SKLUT , Esq.          AKA: ANGELO CLARK
Defense Atty: CHRISTOPHER D TEASE , Esq.          ANGELO CLARK
                                                  DARNELL O CLARK
                                                  ORLANDO CLARK
                                                  LEE CLARK



Assigned Judge:

Charges:
Count      DUC#        Crim.Action#    Description      Dispo.    Dispo. Date
---------------------------------------------------------------------------
  001   0406018386    PN04071541R1    RAPE FOURTH DEG    GLTY     05/26/2005
  002   0406018386    IN04071542      RAPE 2ND WO CON    NOLP     09/30/2005
  003   0406018386    IN04071543      RAPE 2ND WO CON    NOLP     09/30/2005

       Event
No.    Date          Event                              Judge
---------------------------------------------------------------------------
 1    07/26/2004
      INDICTMENT, TRUE BILL FILED.NO 71
      SCHEDULED FOR ARRAIGNMENT AND REPRESENTATION STATUS 08/10/04 AT 8:30
      CASE REVIEW 09/07/04 AT 9:00
 2    08/03/2004
      CASE ACCEPTED IN SUPERIOR COURT.
      ARREST DATE: 06/22/2004
      PRELIMINARY HEARING DATE: 07/27/04
      BAIL:  SECURED BAIL-HELD              75,000.00 100%
      CONDITIONS OF BAIL:  NO DIRECT OR INDIRECT CONTACT WITH VICTIM OR
      WITH THE ALLEGED VICTIM'S PROPERTY, RESIDENCE, PLACE OF EMPLOYMENT,
      SCHOOL, CHURCH OR ANY OTHER PLACE.
 3    08/04/2004
      NOTICE OF SERVICE - DISCOVERY RESPONSE.
      TO: J. BRENDAN O'NEILL, ESQ.
      FROM: ALLISON OETERS, DAG.
 4    08/09/2004
      CONFLICT LETTER FILED BY J. BRENDAN O'NEILL, ESQ.
      NO ACTION TAKEN - JIC INDICATES CHRISTOPHER TEASE, ESQ. WAS ASSIGNED
      TO REPRESENT THE DEFENDANT WHILE THE CASE WAS IN CCP.
      08/10/2004                              WHITE DAVID A.
      ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION, DEFENDANT WAIVED
      READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
      09/07/2004                              HERLIHY JEROME O.
      CASE REVIEW CALENDAR CONTINUED 9/20/04 @ 9
      DEFENDANT'S REQUEST-CR-NO PLEA OFFER EXTENDED.
      09/20/2004                              SLIGHTS JOSEPH R. III
      CASE REVIEW CALENDAR:  CASE REFERRED TO PROBLEM LIST.
```

```
                        SUPERIOR COURT CRIMINAL DOCKET                    Page    2
                           ( as of   07/24/2007 )

State of Delaware v.  ANGELO L CLARK                            DOB:        1955
State's Atty: STUART E SKLUT , Esq.          AKA: ANGELO CLARK
Defense Atty:                                     LEE CLARK

      Event
No.   Date            Event                                     Judge
------------------------------------------------------------------------------
5     09/20/2004                                       SLIGHTS JOSEPH R. III
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      SUBMITTED BY: MR. TEASE
      REFERRED TO: MARY JANE WARD
      JUDGE SLIGHTS SO ORDERED, THIS 20TH DAY OF SEPT. 20, 2004.
      THE ORDER IS FOR COMPETENCY TO STAND TRIAL, DETERMINE PSYCHIATRIC OR
      PSYCHOLOGICAL TREATMENT.  EVALUATION SHALL BE CONDUCTED AND A REPORT
      SUBMITTED TO THE COURT NO LATER THAN 11/19/04.
6     09/24/2004
      LETTER FROM DHSS      TO JUDGE SLIGHTS. RE: REQUEST FOR EXTENSION TO
      COMPLETE COMPETENCY EVALUATION.
7     10/27/2004
      STATE'S MOTION TO SUBJECT DEFENDANT TO HIV TESTING FILED.
      BY ALLISON L TEXTER,DAG
      REFERRED TO JUDGE SLIGHTS (SIGNED MOTION & ORDER FOR PSYCH EX 09/20)
8     11/16/2004                                       SLIGHTS JOSEPH R. III
      MOTION TO HAVE DEFENDANT TESTED FOR HIV VIRUS GRANTED.
      IT IS HEREBY ORDERED THAT ANGELO CLARK UNDERGO HUMAN IMMUNODEFICIENCY
      VIRUS TESTING UNDER THE DIRECTION OF DIVISION OF PUBLIC HEALTH,REGARD-
      LESS OF ANY PRIOR HUMAN IMMUNODEFICIENCY VIRUS TEST ON THE DEFENDANT.
      IT IS FURTHER ORDERED,PURSUANT TO 11 DEL.C.$3914(A),THAT UPON COMPLET-
      ION OF SUCH TESTING, THE RESULTS SHALL BE MADE AVAILABLE BY THE DIV.
      OF PUBLIC HEALTH TO RICHARD CLEMMER,THE GUARDIAN OF THE VICTIM, AS THE
      VICTIM IS MENTALLY INCAPACITATED. IT IS SO ORDERED THIS 16TH DAY OF
      NOVEMBER,2004. JRS
9     12/02/2004
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      SUBMITTED BY:_ DAVID RASKIN, MD
      COPY SENT TO COUNSEL
10    12/07/2004
      LETTER FROM COMMISSIONER VAVALA TO COUNSEL
      RE:_ GIVING 10 DAYS TO REQUEST A COMPETENCY HEARING AND SCHEDULING
      CASE REVIEW FOR 1-3-05 AT 9:00.
      01/03/2005                                       DEL PESCO SUSAN C.
      CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 1/24/05 @ 9:00
      01/24/2005                                       ABLEMAN PEGGY L.
      FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL_5/26/05
11    01/24/2005
      ORDER SCHEDULING TRIAL FILED.
      TRIAL DATE: 5/26/05
      CASE CATEGORY:_____(1)
      ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JUDGE BABIARZ
```

```
                        SUPERIOR COURT CRIMINAL DOCKET          Page    3
                           ( as of   07/24/2007 )

State of Delaware v.  ANGELO L CLARK                    DOB:        955
State's Atty: STUART E SKLUT , Esq.          AKA: ANGELO CLARK
Defense Atty:                                     LEE CLARK


      Event
No.   Date          Event                             Judge
-------------------------------------------------------------------------------
      UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
      OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
12    05/02/2005
      SUBPOENA(S) MAILED.
13    05/06/2005
      SUBPOENA(S) RETURNED.
      NON EST
14    05/09/2005
      STATE'D WITNESS SUBPOENA ISSUE.
15    05/26/2005                                  JURDEN JAN R.
      TRIAL CALENDAR-JURY TRIAL-PLED GUILTY-PSI ORDERED
16    05/26/2005
      ORDER AND MOTION FOR PSYCHIATRIC/PSYCHOLOGICAL EVALUATION FILED.
      DEFENDANT SHALL UNDERGO A PSYCHIATRIC/PSYCHOLOGICAL EVALUATION BY
      STAFF AT:  (DELAWARE PSYCHIATRIC CENTER OR PRIVATE SERVICE PROVIDER).
      REASON:  TO DETERMIN WHETHER GUILY BUT MENTALLY ILL PLEA IS APPROPIATE
      EVALUATION SHALL BE SUBMITTED TO COURT NO LATER THAN:  JUNE 26, 2005
      EVALUATION SHALL BE SUBMITTED TO:  JUDGE JURDEN
      MASTER SHALL FORWARD EVALUATION TO COUNSEL; COUNSEL SHALL NOTIFY THE
      COURT WITHIN 10 DAYS WHETHER A COMPETENCY HEARING IS REQUIRED.  IF NO
      NOTIFICATION, COURT WILL ASSUME HEARING IS UNNECESSARY, AND CASE WILL
      BE SCHEDULED AS APPROPRIATE.  IF COUNSEL NOTIFIES COURT THAT A
      COMPETENCY HEARING IS REQUIRED, PROTHONOTARY SHALL CONSULT WITH
      COUNSEL AND SCHEDULE HEARING.  THE CRIMINAL ASSIGNMENT JUDGE SHALL
      ASSIGN THE HEARING TO ANY JUDGE AVAILABLE.
      DEFENDANT MUST BE KEPT SEREGATED FROM THE VICTIM, KATHERINE CLEMMER.
      THERE IS A NO CONTECT ORDER
17    05/27/2005
      SUBPOENA(S) SERVED BY SHERIFF.
18    05/27/2005
      SUBPOENA(S) SERVED BY SHERIFF.
19    05/27/2005
      SUBPOENA(S) SERVED BY SHERIFF.
20    07/14/2005
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      SUBMITTED BY:  KATHRYN SHENEMAN, PSY.D.,J.D.
      COPY SENT TO COUNSEL
21    07/20/2005
      CONTINUANCE REQUEST FILED BY C TEASE REF TO JUDGE COOCH SENTENCING
      DATE 7/29/05 GRANTED 07/21/05
```

```
                          SUPERIOR COURT CRIMINAL DOCKET              Page    4
                             ( as of   07/24/2007 )

State of Delaware v.  ANGELO L CLARK                          DOB:         1955
State's Atty: STUART E SKLUT , Esq.        AKA: ANGELO CLARK
Defense Atty:                                   LEE CLARK


      Event
No.   Date          Event                                    Judge
--------------------------------------------------------------------------------
22    07/28/2005
         SENTENCING CALENDAR - CONTINUED.  DEFENSE REQUEST - ATTY. ON VACATION.
23    09/30/2005                                       COOCH RICHARD R.
         SENTENCING CALENDAR: DEFENDANT SENTENCED.
24    09/30/2005                                       COOCH RICHARD R.
         ASOP SENTENCING ORDER SIGNED AND FILED 09/30/05.
25    12/23/2005
         MOTION FOR MODIFICATION OF SENTENCE FILED.
         BY MICHAEL MODICA,ESQ
         REFERRED TO ISO FOR JUDGE COOCH
26    01/05/2006
         LETTER FROM JUDGE COOCH TO COUNSEL
         RE: MOTION FOR MODIFICATION OF SENTENCE. THE STATE
         SHALL INFORM JUDGE COOCH ITS POSITION ON OR BEFORE
         JANUARY 23, 2006. FAILUR OF THE STATE TO FILE A
         RESPONSE BY THE DATE MAY BE DEEMED LACK OF OPPOSITION
         BY THE STATE.
27    02/13/2006                                       COOCH RICHARD R.
         LETTER/ORDER ISSUED BY JUDGE: COOCH. RE: MOTION FOR SENTENCE
         MODIFICATION: DENIED. IT IS SO ORDERED
28    04/24/2006
         DEFENDANT'S LETTER FILED.
         TO: JUDGE COOCH
         LETTER REGARDING LEVEL FOUR PORTION OF SENTENCE.
29    05/10/2006
         MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
         REFERRED TO PRESENTENCE 05/11/06 FOR JUDGE JURDEN.
         (DEFT. LETTER CAME DOWN FROM CHAMBERS WITH REQUEST TO PROCESS.)
30    07/11/2006                                       JURDEN JAN R.
         ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
         NO ACTION REQUIRED BY COURT.
         COURT CANNOT ASCERTAIN REHEF. BEING SOUGHT.
         (NOTE: YOUR HONOR WROTE ANSWER ON DEFT. LETTER.)
31    07/26/2006
         TRANSCRIPT FILED.
         SENTENCING HEARING-SEPTEMBER 30,2005
         BEFORE JUDGE COOCH
         PATRICK O'HARE,RPR
32    08/01/2006
         MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
         REFERRED TO JUDGE JURDEN
34    08/01/2006
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                         ( as of   07/24/2007 )
```

State of Delaware v.  ANGELO L CLARK                        DOB: ▆▆▆▆/1955
State's Atty: STUART E SKLUT , Esq.          AKA: ANGELO CLARK
Defense Atty:                                     LEE CLARK

```
      Event
No.   Date         Event                              Judge
-----------------------------------------------------------------------------
      MOTION FOR APPOINTMENT OF COUNSEL FILED. PRO SE
      REFERRED TO JUDGE JURDEN
33    08/09/2006
      LETTER FROM A. HAIRSTON, PROTHONTARY OFFICE  TO STUART SKLUT, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED COPY OF MOTION
35    01/25/2007                                      JURDEN JAN R.
      ORDER TO TRANSFER DEFENDANT TO DELAWARE PSYCHIATRIC CENTER.
      IT IS ORDERED THAT DEFENDANT BE TRANSFERRED FROM DEL. CORRECTIONAL
      CENTER TO THE DELAWARE PSYCHIATRIC CENTER FOR EVALUATION AND TREATMENT
36    01/31/2007                                      JURDEN JAN R.
      ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: DENIED IN
      PART. CLARK HAS FAILED TO DEMONSTRATE THAT HE WAS DENIED EFFECTIVE
      ASSISTANCE OF COUNSEL IN CONJUCTION WITH HIS GUILTY PLEA. CLARK'S
      ADDITIONAL GROUND FOR RELIEF RELATED TO THE SENTENCING PORCEEDING WILL
      BE ADDRESS IN A SUBSEQUENT DECISION BY THE SENTENCING JUDGE.
      IT IS SO ORDERED.
37    02/05/2007                                      COOCH RICHARD R.
      ORDER OF BRIEFING. THIS ORDER OF BRIEFING ADDRESSES ONLY THE
      SENTENCING CLAIM. IT IS ORDERED THAT: (1) DEFENDANT'S PRIOR COUNSEL
      C. TEASE, ESQ SHALL FILE AN AFFIDAVIT WITH THE PROTHONOTARY RESPONDING
      REGARDING THE FACTUAL ALLEGATIONS OF THE INEFFECTIVE-ASSISTANCE OF
      COUNSEL CLAIM(S) PURSUANT TO RULE 61(G)(2) ON OR BEFORE MARCH 2, 07,
      SERVING THE AFFIDAVIT ON THE STATE AND ON THE MOVANT. (2) THE DEPT.
      OF JUSTICE SHALL FILE A LEGAL MEMORANDUM WITH THE PROTHONOTARY IN
      RESPONSE TO THE MOTION, TAKING INTO ACCOUNT THE FACTUAL ASSERTIONS IN
      BOTH THE MOTION AND TRIAL COUNSEL'S RESPONSE ON OR BEFORE APRIL 2, 07
      (3) ANY REPLY BY MOVANT SHALL BE FILED BY MAY 2, 2007.
38    02/15/2007                                      JURDEN JAN R.
      ORDER: DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL IS DENIED.
39    03/05/2007
      AFFIDAVIT OF PRIOR COUNSEL IN REFERENCE TO RULE 61.
      FILED BY CHRISTOPHER TEASE, ESQ
      REFERRED TO JUDGE COOCH
40    04/25/2007
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      SUBMITTED BY: ANDREW DONOHUE, DO
      SEALED BY ORDER OF THE COURT
42    05/10/2007
      NOTICE OF SERVICE - DISCOVERY REQUEST.
      FROM CHRISTOPHER D. TEASE, ESQ.
41    05/11/2007                                      COOCH RICHARD R.
```

```
                         SUPERIOR COURT CRIMINAL DOCKET              Page    6
                            ( as of  07/24/2007 )

State of Delaware v.  ANGELO L CLARK                      DOB:        /1955
State's Atty: STUART E SKLUT , Esq.         AKA: ANGELO CLARK
Defense Atty:                                    LEE CLARK

       Event
No.    Date           Event                              Judge
-------------------------------------------------------------------------------
       LETTER FROM  JUDGE COOCH     TO STUART SKLUT, DAG. RE: RULE 61
       DEFENDANT'S AUGUST 1, 2006 MOTION FOR POSTCONVICTION RELIEF HAS BEEN
       DECIDED IN PART(GUILTY PLEA CLAIM) AND IS PENDING IN PART(SENTENCING
       CLAIM). DEFENDANT'S PRIOR COUNSEL , CHRISTOPHER TEASE HAS FILED AN
       AFFIDAVIT RESPONDING TO THE ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF
       COUNSEL CLAIM(INSOFAR AS THE SENTENCING ISSUE IS CONCERNED).
       THE STATE SHALL FILE A LEGAL MEMORANDUM BY MAY 31 RESPONDING TO BOTH
       1) THAT PORTION OF THE RULE 61 PETITION THAT RAISES SENTENCING CLAIMS
       AND 2) MR. TEASE AFFIDAVIT. ANY REPLY FROM MOVANT MUST BE FILED BY
       JUNE 25. IT IS SO ORDERED.
43     05/31/2007
       STATE'S RESPONSE OPPOSING DEFENDANT'S MOTION FOR SENTENCE REDUCTION
       FILED.
       FILED BY STUART SKLUT, DAG
       REFERRED TO JUDGE COOCH
44     05/31/2007
       STATE'S RESPONSE IN REFERENCE TO DEFENDANT'S MOTION FOR SENTENCE
       REDUCTION.
       FILED BY STUART SKLUT, DAG
       REFERRED TO JUDGE COOCH
45     06/11/2007                                      JURDEN JAN R.
       ORDER TO TRANSFER DEFENDANT TO DELAWARE CORRECTIONAL CENTER:
       NOW, THIS 8TH DAY OF JUNE, 2007, IT IS ORDERED THAT ANGELO CLARK BE
       TRANSFERRED FROM THE DELAWARE PSYCHIATRIC CENTER TO THE DELAWARE
       CORRECTIONAL CENTER. DEFENDANT NEEDS TO CONTINUE RECEIVING MENTAL
       HEALTH SERVICES AS LONG AS HE IS IN THE CUSTODY OF DEPARTMENT OF
       CORRECTIONS.
46     07/20/2007                                      COOCH RICHARD R.
       LETTER FROM  JUDGE COOCH     TO STUART SKLUT, DAG & ANGELO CLARK
       RE: ENCLOSED PLEASE FIND A COPY OF AN ORDER IN THE ABOVE-CAPTIONED
       CASE.
47     07/20/2007                                      COOCH RICHARD R.
       ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF. DENIED.
       IT IS SO ORDERED

                *** END OF DOCKET LISTING AS OF  07/24/2007 ***
                PRINTED BY: CSCBTUR
```