IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELO CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-465-SLR |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of August, 2007, having considered plaintiff's motion for injunctive relief, and the papers submitted thereto;

IT IS ORDERED that the motion is denied, for the reasons that follow:

1. **Background.** Plaintiff, Angelo Clark, an inmate housed at the Delaware Correctional Center ("DCC"), filed a letter/motion which the court construed as a motion for immediate injunctive relief. (D.I. 44, 52) The motion states that plaintiff is being mentally and physically tortured, needs professional help, is hearing voices, and wants to hurt himself. (D.I. 44) The court ordered defendant, Correctional Medical Services ("CMS"), to file a response to plaintiff's motion. (D.I. 52) The response was filed along with plaintiff's voluminous medical records. (D.I. 57)

2. **Standard.** When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction

may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Defendant CMS responds that plaintiff has received continuing treatment for his mental condition since 2006, either at the DCC or at the Delaware Psychiatric Center. It produced medical records for plaintiff as well as an affidavit from Dr. Anthony Cannuli ("Dr. Cannuli"), a psychiatric physician, who first evaluated plaintiff on February 8, 2006, and has provided plaintiff ongoing mental health treatment.

4. Plaintiff filed his letter/motion on July 10, 2007. At the time, he was housed in the Security Housing Unit ("SHU") at DCC and was being followed by medical staff. (D.I. 57, Ex. B) The medical records indicate he was seen by a physician on July 10, 2007, reported he was hearing voices, but would wait to see the psychiatrist, and that he was OK where he was. Id. at Ex. H. Prior to the time of the filing, he had been housed at the Delaware Psychiatric Center and was discharged from the facility on June 13, 2007. Upon his arrival at DCC, a mental health treatment plan was prepared and plaintiff was frequently seen by medical staff for his mental health problems. Id. at Ex. B. Indeed, he was seen by medical staff the day before he filed the motion, the day he filed the motion, and the day after he filed the motion. The medical records indicate that plaintiff was seen by Dr. Cannuli as recently as July 19, 2007. Id. Plaintiff is

currently taking a number of prescribed somatic and non-somatic medications. *Id.* Dr. Cannuli's notes dated July 19, 2007, state plaintiff is not a danger to himself, but he has periods of decompensation[1] due to his failure to take his medication. *Id.* at Exs. B, H.

5. Given the exhibits submitted to the court, plaintiff has not demonstrated the likelihood of success on the merits. The records indicate that, prior to the time he filed his motion for injunctive relief, plaintiff received mental health treatment as well as other medical treatment. Moreover, the voluminous medical records indicate that CMS is providing plaintiff with continual mental health treatment. There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

6. **Conclusion.** Therefore, the motion for immediate injunctive relief is (D.I. 44) is **denied.**

                                                                                         _____
                                                                                         United States District Judge

---

[1]Decompensation is the deterioration of mental health in a patient with previously maintained psychiatric illness, leading to a diminished ability to think and carry on daily activities. http://en.wikipedia.org.