# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANGELO CLARK,                    :

                           :

         Plaintiff,           :

                           :

       v.                  :    C. A. No. 06-465 - SLR

                           :

REGIONAL MEDICAL FIRST       :    TRIAL BY JURY OF

CORRECTIONAL,               :    TWELVE DEMANDED

MANAGER ANGELA WILSON, AND  :

CORRECTIONAL MEDICAL SERVICES,  :

                           :

         Defendants.       :

## DEFENDANT CORRECTIONAL MEDICAL SERVICES' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

### FACTUAL BACKGROUND

1.      The Plaintiff filed a lawsuit against Correctional Medical Services and other defendants on July 26, 2006.  See D.I. 2 attached as Exhibit A.

2.      The Complaint states

"The Zyprexa has given me some partial nerve damage in my leg's and arms as well as memory loss, at certain times when I try to remember certain things that I am suppose (sic) to do on a regular basis, and very bad muscle spasm's and E.T.C.. I never see the psychiatrist about my meds, I keep complaining how the Zyprexa makes me feel like a human dummy and I want to be treated better."

3.      On December 19, 2006, the Court issued a Memorandum Order (D.I. 16) and indicated the "Plaintiff alleges he was given medication that caused nerve damage, that he has not seen a psychiatrist about his medication, and ... he is not being treated properly."  See D.I. 16 at para. 4.

4.      On January 28, 2007, the Plaintiff filed "Memorandum Documents" (D.I. 20) and

mentioned that he had "stabbed [himself] in the left hand for relief out of the SHU-where I am manic-depressive-bipolar-and also paranoid schizophrenic..." and that he fears for his life.

5.    The Plaintiff was sent to the Delaware Psychiatric Center pursuant to a January 25, 2007 Order of Superior Court Judge Jan Jurden and then returned to the Delaware Correctional Center by a subsequent order of that same Judge on June 13, 2007.

6.    The Plaintiff has made numerous allegations throughout court filings and on July 17, 2007 the Court interpreted at least one of the filings to be a Motion for Preliminary Injunction. The Court ordered a response by the Defendant and on July 31, 2007, Defendant provided the Court with some of Mr. Clark's medical records and a response to the Motion for Preliminary Injunction.[1] See D.I. 57.

7.    On August 6, 2007, the Court denied the Motion for a Preliminary Injunction and indicated then that the Plaintiff has not shown a likelihood of success on the merits of his claim.  See D.I. 62.

8.    A scheduling Order is in place requiring discovery to close November 23, 2007. Defendant has served Interrogatories and Requests for Production of Documents and the Plaintiff has served responses that require interpretations to understand how the Answers might relate to the case.  See Plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents attached as exhibits B and C respectively.

9.    Though discovery is not yet closed, the Plaintiff does not appear to be in a position to

---

[1]Defendant is in possession of at least two fairly large volumes of Plaintiff's medical records that span many years, beyond what is alleged in the lawsuit.

offer any evidence that will allow him to prevail against Correctional Medical Services.
As a result, the Defendant requests that this Court dismiss this case with prejudice.

ARGUMENT

10. Fed. R. Civ. Proc. 56 permits a defendant to move with or without supporting affidavits
for a summary judgment in the defendant's favor.

11. A court shall grant summary judgment only if "the pleadings, depositions, answers to
interrogatories, and admission on file, together with the affidavits, if any, show that there
is no genuine issue as to any material fact and that the moving party is entitled to
judgement as a matter of law." Fed. R. Civ. P. 56(c).

12. If the moving party has demonstrated an absence of material fact, the nonmoving party
then "must come forward with 'specific facts showing that there is a genuine issue for
trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10
(1986).

13. To Prevail in a 42 U.S.C. §1983 cause of action against Correctional Medical Services for
inadequate medical treatment, Mr. Clark must demonstrate that the medical care provider
was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97,
104-06 (1976). The Plaintiff must show that he has a serious medical need and that the
Defendant was aware of this need and was deliberately indifferent to it. West v. Keve,
571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d
Cir. 1978). It is not enough for the Plaintiff to prove that any individuals were medically
negligent in rendering him care as medical malpractice is not enough to prove a
constitutional violation. Estelle, 429 U.S. at 106. Finally, neither disagreement as to
appropriate medical treatment nor claims of medical malpractice support a claim of an
Eighth Amendment Violation. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834

F.2d 326, 347 (3d Cir. 1987); <u>see also Estelle</u>, 429 U.S. at 107 (noting inmates' claims against medical service providers are not viable where he continues to receive care despite his belief that more should be done by way of diagnosis and treatment or that options available to medical service provider were not pursued); <u>Harrison v. Barkley</u>, 219 F.3d 132, 138–140 (2d Cir. 2000).  Inmates have no right to choice of service, only that reasonable treatment is provided.  <u>Harrison</u>, 219 F.3d at 136.

14.    As Correctional Medical Services is a corporation, the Plaintiff must show that Correctional Medical Services had a policy or custom of being deliberately indifferent to a serious medical need.  <u>Jackson v. First Corr. Med. Servs.</u>, 380 F. Supp. 2d 387, 391-92, (D.Del.2005).  In order for CMS to be liable for a civil rights violation of subjecting the Plaintiff to Cruel and Unusual Punishment, the Plaintiff must prove that: 1) the policy or practice created an unreasonable risk of injury; 2) CMS was aware that the unreasonable risk existed; 3) CMS was indifferent to that risk; 4) Plaintiff's injury resulted from the policy.  <u>See Collins v. Hunter</u>, 2007 U.S. Dist. LEXIS 3083, *14 (D.Del. 2007).

15.    The medical records attached to the Defendant's Response to the Plaintiff's Motion for Preliminary Injunction (including the Psychiatric Progress Notes and Observations from 9/7/06 to 6/12/07) demonstrate that the Plaintiff has received a substantial amount of care for his various physical and mental health needs.  It will not be possible for the Plaintiff to prove that Correctional Medical Services has a policy or custom of deliberate indifference to his serious medical needs.

16.    Even if the Plaintiff could, in some universe of facts, prove to a jury that an individual health care provider was reckless or intentionally indifferent to his serious medical needs, he still could not prevail against Correctional Medical Services as liability may not be imposed vicariously.  See <u>Swan v. Daniels</u>, 923 F. Supp. 626, 633 (D.Del. 1995); <u>Miller v.</u>

<u>Cor. Med. Sys.</u>, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992).

## CONCLUSION

As the Plaintiff cannot produce any facts that will allow him to prevail against Correctional Medical Services, Defendant requests that this Court dismiss this case with prejudice.


Marks, O'Neill, O'Brien & Courtney, P.C.


By:   *Patrick G. Rock, Esquire*

Megan T. Mantzavinos, Esquire (I.D. No. 3802)
Patrick G. Rock, Esquire (I.D. No. 4632)
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant*

DATE:  October 1, 2007

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANGELO CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-465 - SLR |
| | : | |
| REGIONAL MEDICAL FIRST | : | TRIAL BY JURY OF |
| CORRECTIONAL, | : | TWELVE DEMANDED |
| MANAGER ANGELA WILSON, AND | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF MOTION

TO:

Inmate Angelo Clark, *Pro Se*
SBI #123209
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

PLEASE TAKE NOTICE that the Attached Motion for Summary Judgment, Motion to

Dismiss shall be heard at the convenience of the Court before the Honorable Susan L. Robinson, the

Judge assigned to this case.

_

*/s/ Patrick G. Rock, Esquire*
Patrick G. Rock, Esquire (4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant CMS*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANGELO CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-465 - SLR |
| | : | |
| REGIONAL MEDICAL FIRST | : | TRIAL BY JURY OF |
| CORRECTIONAL, | : | TWELVE DEMANDED |
| MANAGER ANGELA WILSON, AND | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

HAVING READ THE Defendant's Motion and any responses thereto, IT IS ORDERED, that the above case is Dismissed with prejudice.

_____        _____
Date                                                                    J.

# EXHIBIT A

□ ORIGINAL (Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) __Angelo Clark 123209__
        (Name of Plaintiff)                    (Inmate Number)

__Delaware Correctional Center__
__1181 Paddock Road__
__Smyrna, Delaware 19977__
        (Complete Address with zip code)

(2) _____
        (Name of Plaintiff)                    (Inmate Number)

_____
        (Complete Address with zip code)

        (Each named party must be listed, and all names
        must be printed or typed.  Use additional sheets if needed)

                                    vs.

(1) __Reginal Medical First Correctional__
(2) __Manager Angela Wilson__
(3) __Correctional medical systems__
        (Names of Defendants)

        (Each named party must be listed, and all names
        must be printed or typed.  Use additional sheets if needed)

06 - 465

465

(Case Number)
( to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

• •  Jury Trial Requested

**FILED**

JUL 31 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

**I.     PREVIOUS LAWSUITS**

  A.     If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
         including year, as well as the name of the judicial officer to whom it was assigned:

__No__

II.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?    (• •Yes•)  • •No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?    (• •Yes •) • •No

C.    If your answer to "B" is Yes:

    1.  What steps did you take?  *I told Medical the meds was giving me side-afects*

    2.  What was the result? _____

    _____

D.    If your answer to "B" is No, explain why not: _____

_____

III.   **DEFENDANTS** (in order listed on the caption)

(1)  Name of first defendant:  *Reginal Medical First Corrections*

    Employed as  *Doctor Joshi*  at  *Delaware Correctional Center*

    Mailing address with zip code: _____

(2)  Name of second defendant:  *Angela Wilson - C.M.S*

    Employed as  *Manager*  at  *Delaware Correctional Center*

    Mailing address with zip code:  *1181 Paddock Road*
    *Smyrna, Delaware 19977*

(3)  Name of third defendant:  *Robert M. Hooper*

    Employed as  *Reginal Manager* at  *Dept of Corrections*

    Mailing address with zip code:  *N-A*

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets of paper if necessary.)

1. The Zyprexa Has given me some partial Nerve Damage in my legs And Arms As Well as Memory loss, At Certain times when I try to Remember Certain things that I AM suppose to Do

2. on A Regular Basis, And Very BAD Muscle spasms And E.T.C. I Never see the psychiatrist About my meds, I keep Complaintines How the Zyprexa MAKes Me feel like A Human dummy And I

3. WAnt to Be treated Better.

## V. RELIEF

(State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. I WAnt To Be granted By the Court some kind of Compensation From the Department of Corrections, And the Medical Vendor C.M.S.

3

2. _____
   _____
   _____
   _____
   _____
   _____

3. _____
   _____
   _____
   _____
   _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _26_ day of _July_____, 2 _006_.

x _Angelo Lee Clark_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

## Certificate of Service

I, _Angelo Clark_, hereby certify that I have served a true

and correct cop(ies) of the attached: _____

_____ upon the following

parties/person (s):

TO: Office of the Clerk          TO: _____
United States District Ct            _____
844 N. King Street                   _____
Wilmington, Delaware                 _____
          19801                      _____


TO: Attorney General Office TO: _____
830, N. French Street            _____
Wilmington, Delaware             _____
          19801                  _____
                                 _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road. Smyrna. DE
19977.

On this _26_, day of _July_____, 2006

_Angelo Lu Clark_





I/M Angelo Clark
SBI# 133209  UNIT C-H
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Ct
844 N. King Street
Wilmington, Delaware
19801

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

AUG 0 9 2007

| | |
|---|---|
| ANGELO CLARK, | : |
| Plaintiff, | : |
| v. | :    C. A. No. 06-465 - SLR |
| REGIONAL MEDICAL FIRST | :    TRIAL BY JURY OF |
| CORRECTIONAL, | :    TWELVE DEMANDED |
| MANAGER ANGELA WILSON, AND | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| Defendants. | : |

PLAINTIFF'S ANSWERS TO

## DEFENDANT CORRECTIONAL MEDICAL SERVICES' FIRST SET OF
## INTERROGATORIES DIRECTED TO PLAINTIFF

TO:     ANGELO CLARK, *pro se* Plaintiff.

Pursuant to Fed. R. Civ. P. 33, you are hereby requested to answer all Interrogatories in the space provided beneath each Interrogatory. If there is insufficient space to answer any interrogatory, the remainder of the answer shall follow on a supplemental sheet.

The Answers to Interrogatories shall be served on all interested parties within thirty (30) days after service of the attached Interrogatories.

These Interrogatories shall be deemed continuing so as to require supplemental Answers between the time answered and the time of trial.

Pursuant to Fed. R. Civ. P. 34, all documents requested to be produced are to be attached to the Answers to Interrogatories. In the event that the requested documents cannot be attached to the Answers to Interrogatories, you are to indicate when and where the requested documents can be inspected and the reason why they could not be attached to the Answers to Interrogatories.

DE087386.1

Pursuant to Fed. R. Civ. P. 26, all Interrogatories shall be answered with the limitation that the answers need not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

## INSTRUCTIONS FOR INTERROGATORIES

A.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences complained of in the pleadings.

B.      Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, the party's attorneys.

C.      If you object to any interrogatory or any portion thereof, specify the Interrogatory and state all reasons for the objection thereto and respond in full to any portion to which you do not object.

D.      If you believe that any of the following interrogatories call for information or documents subject to a claim of privilege, answer or produce so much as is not objected to, state the part of each discovery request to which you raise an objection, and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld.  For each document as to which you claim privilege, set forth the date of the communication, the names of the communicants, names of other parties who participated in, overheard, were sent copies, or became privy to the communication, the subject matter of the communication, and the capacity in which each

DE087386.1

communicant was acting at the time of the communication.

    E.    All verbs include all tenses. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "Any" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

    F.    The singular shall refer to the plural and the plural shall refer to the singular.

    G.    These interrogatories shall be deemed to be continuing, so as to require supplemental answers where you or your attorneys come into possession of knowledge or information, responsible to these interrogatories, which has not previously been supplied. Such supplemental answers are to be served before trial and within a reasonable time after the information or knowledge is obtained. The date such additional knowledge came into your possession shall be specified, and also the identity of the individual(s) who furnished such additional knowledge or information to the person preparing the information.

    H.    These Interrogatories are to be answered pursuant to Federal Rule of Civil Procedure No. 33 within thirty (30) days of service hereof.

    I.    Please answer in the space provided after each question, and use supplemental document only if space provided is inadequate.

## DEFINITIONS FOR INTERROGATORIES

    A.    "Identify" means when used in reference to:

    (1) A natural person – his or her full name and present or last known business and home address.

    (2) A company, corporation, association, joint venture, sole proprietorship, firm, partnership, or any other business or legal entity not a natural person – its full name now and at the time in question, and its principal place of business now and at the time in question.

(3) A document – its character (e.g., letter, memorandum, report, etc.), its title, date, author, addressee, all distributees, and its subject matter.

(4) Any other thing – a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

When an interrogatory uses the words: "identify," the party served with the interrogatory must identify all documents, things and persons known to that party or to that party's attorney, and the addresses of all person(s) identified must be set forth.

B.      The term "person" or "persons" include not only natural persons, but also public and private corporations, proprietorships, partnerships, governmental entities, associations, organizations, groups or divisions, plus any departments or units thereof.

C.      "Document" means any papers, writings, things, or records of any type or source of authorship in Plaintiff's possession, custody or control, or of which Plaintiff has knowledge, wherever located, however produced or reproduced, and whether a draft, original or copy. By way of illustration and not limitation, the term "documents" shall include memoranda of telephone conversations or interviews, minutes, summaries or other records of any meetings, discussions or conferences; as well as other notes, reports, records, data, memoranda, insurance policies, correspondence, notebooks, scrapbooks, diaries, minutes, summaries, financial statements, ledgers, magnetic tape or other sound recordings, telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer printouts, computer records, computer discs, computer tapes, photographs, photograph negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications, and any other retrievable intelligence, however, recorded, memorialized or preserved. Any

original or copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

      D.      Where the context allows, the terms "and" and "or" shall mean "and/or," the plural of a word shall include the singular, the singular of a word shall include the plural, the past tense of a verb shall include the present, the present tense of a verb shall include the past, and the masculine shall include the feminine, so as in all cases to require the broadest response.

      E.      "Relate" or "relating" means, in addition to the customary and usual meaning of these terms, discuss or discussing, refer or referring, mention or mentioning, reflect or reflecting, pertain or pertaining, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing, in whole or in part, directly or indirectly.

      F.      "You" shall mean Plaintiff, Angelo Clark and any agent or person purporting to act on your behalf.

      G.      "Defendant" shall mean Correctional Medical Services, or any of the Defendants identified in Plaintiff's Complaint and subsequent Amendments as well as their agents and employees or persons acting or purporting to act on their behalf.

      H.      To the extent an identification of a document is sought herein and it was, but is no longer, in your possession, or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of. In each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, the contents of the document, and the person who authorized the transfer, destruction or other disposition of the documents.

      I.      If any information called for by an interrogatory herein is withheld because you

claim that such information is contained in a privileged document or communication:

      (1)     Identify each such document or communication;

      (2)     State the basis upon which the privilege is asserted;

      (3)     State the paragraph of the interrogatory to which each such document and communication is responsive; and

      (4)     Identify each person (other than the attorneys representing Defendant in this action) to whom the contents of each such document and communication has heretofore been disclosed, either orally or in writing.

    J.    "Premises" or "property" shall mean the Delaware Correctional Center and/or any other location wherein you alleged acts were performed making defendant(s) liable to you.

    K.    "Incident" shall mean the incident alleged in Plaintiff's Complaint and any amendments thereto to have occurred on during the time incorporated in the pleadings.

## INTERROGATORIES

1. Give the names and last known addresses of all other persons who have knowledge of the facts alleged in the pleadings.

    ANSWER: *Antione D. Clark - Son 1920 North Lancaster Ave. Christopher Smith - Uncle 12 # West 37th Street*

2. If you contend that your civil rights have been violated, please identify each action that you claim constitutes a violation, who performed the action, what civil right or rights were violated by such action, and state all facts upon which you base each claim of violation.

DE087386.1

**ANSWER:**

Civil Rights Violation, UNDER 8th Ao Mend.
Being involatary, given Hepatilis C A Coupl
of Times, by Nursing medical Staff or
given A injection by Stephanie Blood Lady
or was given by one of Technicians. And Tha
Alone should Let y'all Know, one of reasons
I wear a Nitro patch and Having to deal with A
Number of Ailments is because, wrong Diagno
and Not being Dealt with on A proffessional mann

3. State your employers' name and address, dates of employment, and location of
employment from 1997 to the present.

**ANSWER:**

N-A

4. If you have been convicted of, or plead guilty to, any crime, please state the date of
conviction or plea, the Court where the judgment or plea was entered, and the crime for which

you were convicted or plead, and the sentence imposed for such conviction or plea.

**ANSWER:** I Took A plea To 4th DEGREE RApE Which, ME AND MY LAWYER ChRisTopher TEASE! AGREEDED To A THREE YEAR plea, But WHEN I WEN To sentencing insteAd of RECIEVING THE REOCMMEND Three YR'S, He sentenced ME To TEN YRS - FOR 4th DEGR RApE Which Took place AT THE ROCKFORD Center Judge RichARd Cooch! FEmAlE - 33 YRS ola ME A. ClARk - 48 YR Old.

5. Please list all doctors and/or health care professionals who treated or examined you

from 1990 to the present, stating their names, addresses, phone numbers, specialties, if any, and

the symptoms for which you treated with each doctor or health care professional.

**ANSWER:**

N-A

6. If you attribute any physical, mental or emotional injuries to the claimed violations of

your civil rights, please identify each such injury, the area of your body affected and date when

such area of your body became affected.

**ANSWER:**

DE087386.1

being Hepatitis C positive AND I KNew
something two or three time, when they
Took Blood FROM me, or A Couple OF Time
I cut myself, AND The Nursing STAFF Was
Cleaning The Cut, The While Was Cleaning The Cut
They Clean it with old Blood, AND given NEEDLE
HERE AN There, AND I Filed paper Work over AN
OVER, AND The Supervisor of Nursing Wrote me Ba
AND SAID I DONT NEED No physical OR ANy Test I'm FIND
( Civil Rights 8Th AdmenDen Crue
AN UNUSU
Punish MENT.

7. If you have received treatment from any healthcare provider for any injury you
attribute to the alleged violation of your civil rights please identify the healthcare provider, the
dates upon which you received treatment and the charges incurred to date.

**ANSWER:**

8. Please identify each person who has assisted you in preparation of any pleadings
(including these Answers to Interrogatories) in the above litigation, indicating the person or
persons' name(s), address(es), phone number(s) and describe in detail how they assisted you in
preparing any pleadings.

**ANSWER:** I WAS GIVEN SOME Legal Advice From, A PARALegal That is Work AT D.C.C. Law Library, AND The Law LibraryAN From GANDER Hill D.C.C. Law Librarian

1-302-653-9261

GANDER Hill 1-302-429-7700

9. What educational instruction have you received from 1990 to the present, indicating which institution offered the education, the subject matter in which you received education, and the date of completion of any such education.

**ANSWER:**

N-A

*if the money is favorable*
*might Just settle*
*I NEED TREATMENT ALSO*

10. If you are claiming the right to receive money, please indicate the amount of money

you are claiming and detail how you arrived at that amount. *SO if A Figure comes my w/ THATS very REASONABLE AND TREATMT*

**ANSWER:** *PERSONALLY, I'M LOOKING FOR SOMEWHAT OF A SUBSTANTIAL, SUM OF MONEY BECAUSE NOW I HAVE TO LIVE WITH THE FACTOR THAT ONE-OR-TWO OR HOWEVER MANY C.M.S NURSING OR DOCTOR'S GAVE ME HEPATITIS C AND WAS WRONGLY DIAGNOSED HERE AND THERE by C.M ( I WAS A GINNY PIG OR EXPERIMENT )*

11. If you have ever been a party in any other civil lawsuits, either as a plaintiff or

defendant, please indicate the Court which adjudicated the case, a general description of the

claims that involved you and how those claims resolved and when they resolved.

**ANSWER:**

12. State the name and address of every expert retained or employed by you in

anticipation of this litigation or preparation for trial, whether or not you expect to call him as a

witness at trial, and, as to each, state the dates of initial employment, the date or dates of any

reports, letters or other writings prepared by such person, a brief description of such writing (as

two page letter, three page report, etc.) and the names and addresses of all persons having copies

of them.

DE087386.1

ANSWER:



13.  With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

(a)    the subject matter on which the expert is expected to testify;

(b)    the substance of the facts and opinions to which the expert is expected to testify;

(c)    a summary of the grounds for each such opinion.

ANSWER:

14.  Insofar as you intend to introduce into evidence any expert testimony concerning past or future loss of income or earning power or the present value of a sum of money concerning a future loss or expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state a specific description of the losses for which such calculations are being made (as for instance,

present value of the loss of future earnings, present value of future medical expenses, etc.) and describe in detail precisely the manner in which the person reached his conclusions showing the mathematical calculations involved and insofar as such person has prepared any report, memoranda, or any other matter in writing showing in whole or in part his conclusions or the facts on which such conclusions were based, state the date of such writing and the names and addresses of persons having copies of it.

ANSWER: N-A

15. Please list all witnesses who will testify at trial, stating their names, ages, addresses, employment or occupation, phone numbers, relationship to you, and the facts of which they are expected to testify.

ANSWER: Antione O. Clark - son
1920 North Lancaster Ave
Wilmington, Delaware, 19805    302-607-35:
Christopher Smith 302-764-5585
22# West 37th Street 19802 Wilmington, Delawa
Darnell O. Clark - 302-654-3976
2210 Jessup Street, Wilmington, DE

DE087386.1

16. If you claim that the defendant violated any statute, State or Federal, or any regulation, code requirements or other mandatory instruction from any government authority whatsoever, specify in sufficient detail to enable the defendant to locate such statute, regulation, rule, code provision or mandatory instruction, the authority issuing it, and describe specifically the manner in which it was violated.

ANSWER: I AS A PERSON, THAT HAD A FEW CHALLENGE'S IN LIFE, C.M.S HELPED TO BLOW MY mind, AND Also ME AS A PERSON.

17. If you claim the right to recover in this litigation for any damage to any property of any kind whatsoever, describe such property damage in detail and the manner in which it was damaged, the amount you claim the right to recover as a result of such damages and the manner in which you calculated that amount.

ANSWER: PERSONALLY C.M.S HAS BROKE my whole NAVIGATION Humanly defieciently, Body CHEMISTRY use to FUNCTION, ON A PRETTY GOOD Ves Thats why in The beginning I stressed if to me its A REAL good Figure with some HEALTH benef T'll Probaly settle.

DE087386.1

18. State whether you are willing to execute a written medical authorization to inspect

the records of hospitals and doctors who have rendered any medical treatment as a result of this

accident. If the answer is "yes", please execute two copies of the medical authorization attached

to these interrogatories.

ANSWER: *I ANGELO LEE CLARK GIVE AUTHORIZATION FOR ANY PHYSICIAN OR PYSCHIATRIST OR WHATEVER DOCTOR'S TO GET AND GO THROUGH ALL OF MY RECORDS.*

19. Give the names and addresses of all doctors or health care professionals who have

been your family physician either at the present time or in the past and the years in which said

doctors or professionals treated you, as well as the ailments for which said family physician or

professional treated you or attended you.


ANSWER:

20. Have you had an operations during your lifetime?  If so, state the type of operation; the date when the operation was performed; the name and address of the physician who performed the operation and the name and address of the hospital where the operation was performed.

ANSWER:

*N-A*

Marks, O'Neill, O'Brien & Courtney, P.C.

By: _____

Patrick G. Rock, Esquire (I.D. No. 4632)
Megan T. Mantzavinos, Esquire (I.D. No. 3802)
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendants*

DATED: July 31, 2007

# EXHIBIT C

PLEADINGS
8-20-0

Case 1:06-cv-00465-SLR    Document 64    Filed 08/29/2007    Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANGELO CLARK
PLAINTIFF,

v.

CORRECTIONAL MEDICAL
SERVICES
DEFENDANTS

CIVIL ACTION NO - 06:465 -SLR

NITROGLYCERIN
0.4 MG/HR

NITROGLYCERIN
0.4 MG/HR

RECEIVED
AUG 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM ORDER: I PLAINTIFF ANGELO Lee CLARK About TEN DAYs AGO CAME TO SOME TYPE of AGREEMENT STATING THAT I WAS GOING FOR SOME TYPE OF punitide TO BE REWARDED DAMAGE, AND it WASN'T NO AGREE MENT NOR ARRANGEMENT MADE, beTWEEN ME PLEASE HELP ME. OR OTHER PARTY, THERE WAS NEVER ANY where WAS THE AGREEMENT

EXCUSE ME, its quite a few people getNG Checks in my NAME. And I NEED HELP SO I CONTINEI TO SUFFER. Thanks.

PAYMENT issued FROM The Correctional MEDICAL SERVICES This civil Rights Action ON July 31, 2006 Pursuant to 42 USC 1983 (D.I.2) AND I AMMENDED SHORT Later (D.I.8)

2 I ANGELO CLARK PlAINTIFF FEE I AS THOUGH I WAS RAPED Body Soul AN SPIRIT. IT HAPPENS About 4-8-DAYs, it WAS LIKE being uNEM- ployed with A HARD Work JoB with NO Pay (Judge sue Robinson my intelligence is Quite AND KEEP ON A NEW PATCH 62-8-041 NITRO

RELATEd CASES   1:90 -CV 00593-RRM
                        1:90 -CV 00723-RRM
CAUSE 42:1983 PRISONER
Patrick G. BOER Civil Rights
913 NORTH MARKET STREET
Suite 860 Wilm, DE 19801
I HAVE TO got TREATMENT-302-658-6538
THANK YOU!

NO-AGREEMENT NO A HARD AGREE- MENT NO SETTLEMENT They Just MADE ME A FOOL by OTHER People OR my BONIFIT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED

AUG 29 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ANGELO CLARK,                          :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :    C. A. No. 06-465 - SLR
                                       :
REGIONAL MEDICAL FIRST                 :    TRIAL BY JURY OF
CORRECTIONAL,                          :    TWELVE DEMANDED
MANAGER ANGELA WILSON, AND             :
CORRECTIONAL MEDICAL SERVICES,         :
                                       :
        Defendants.                    :
                                       :

## DEFENDANTS CORRECTIONAL MEDICAL SERVICES'
## FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO PLAINTIFF

Pursuant to Rule 34 of the Federal District Court Rules of Civil Procedure, you are hereby

requested to produce the below listed documents and/or items for purposes of discovery. This

material will be examined and/or photocopied; photograph negatives will be processed and

photographs reproduced. Said documents and items are to be produced at the offices of Marks,

O'Neill, O'Brien & Courtney, P.C., 913 Market Street, Suite 800, Wilmington, Delaware 19801, and

supplemented thereafter in accordance with the Rules of Civil Procedure.

If any document required to be produced by this Request is claimed by you to be not

discoverable because it is privileged or for any other reason, then each such document should be

identified in your Response by date, sender, recipient, persons to whom copies have been furnished,

and subject matter, and the basis for the claim of privilege or other reason should be stated in your

Response.

DE087266.1

## REQUESTS

1.      Any and all statements, descriptions of statements, summaries of statements, memoranda, records or writing (signed or unsigned) of any and all witnesses, including any statements from the parties herein, or their respective agents, servants or employees, including tapes or other mechanically transcribed information.

RESPONSE:

2.      All photographs, recordings, films, charts, sketches, graphs and diagrams taken and/or prepared.

RESPONSE:

3.      Any and all reports compiled or prepared by an individual who has been retained as an expert in this matter.

RESPONSE:

DE087266.1

4.      The names, home and business addresses of all experts contacted.

RESPONSE:

5.      All writings, memoranda, date and/or tangible things which related directly or
indirectly to the incident and damages set forth in Plaintiff's Complaint.

RESPONSE:

DE087266.1

6.     Any and all copies of Internal Revenue Service Tax Returns for five full years prior to, and all years subsequent to the date referred to in Plaintiff's Complaint.

RESPONSE:

7.     Any and all documents, records, evidence and anything whatsoever which will be introduced at trial for use in direct examination or impeachment.

RESPONSE:

8.     Any document or thing the plaintiff has read or referred to in preparation of any pleadings in the instant case.

RESPONSE:

DE087266.1

Marks, O'Neill, O'Brien & Courtney, P.C.

By: _____

Patrick G. Rock, Esquire (I.D. # 4632)
Megan T. Mantzavinos, Esquire (I.D. # 3802)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant CMS*

DATED: July 31, 2007

DE087266.1

TO WHOM IT MAY CONCERN I WANT TO
BE EXAMINED
PROFESSION
A.S.A.

## DELAWARE DEPARTMENT OF CORRECTIONS
## REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
## FACILITY: DELAWARE CORRECTIONAL CENTER
### This request is for (circle one): MEDICAL DENTAL MENTAL HEALTH

Name (Print) Angelo Lee Clark          Housing Location 16 #19 - upper-2-cell

Date of Birth 12-14-55    SBI Number 123209    Date Submitted 11/24/06    BUZ

Complaint (What type of problem are you having)? It seems Like every since
I was admitted in the infirmary - on- 11/1/06 for cutting
myself. On- 11-7-06 - Nurse 'RN' Danyee' and blood lady!
'Stephanie' - Danyee cleaned my cut as soon as she left
the 'Aids patient' Room next door, and Stephanie took blood from me and
said Dr. Ott
ordered.
And she
Resigned
2-months
ago.
So down
all idu
is defica
six or
seven
times
daily.

Inmate Signature Angelo Lee Clark    Date 11/24/06

**The below area is for medical use only. Please do not write any further.**

S: 11/26/06 — If there were any
reason for you to be examined
by a physician, the nurse
would refer you. Nurses
are capable of making
assessment

O: Temp: ___ Pulse: ___ Resp: ___ B/P: ___ WT: ___

A:

P:

E: I still feel as though Correctional
medical system gave me something even if it's not
Aids, I just don't feel right! Like my old self.
Judge. you can call lawyers. lawyers. Please please Help me
The

Provider Signature & Title                  Date & Time

This is how I feel stomach Hurse and
They don't give Treatment cook good
and spirit and I wasn't getting nothing
Mine body sould but I can call mr S. so bad.
In my name or address! you can call mr S.
was get my check I'm hurting so bad.

3/1/99 DE01
FORM#:
MED
263

EXHIBIT

# AMERICAN BOARD OF MEDICAL SPECIALTIES®

1007 Church Street, Suite 404    Evanston, IL 60201-5913    Phone: 847.491.9091
FAX: 847.328.3596
www.abms.org

*Act of 1996*
*42 U.S.C. 164.508*

March 31, 2005

Julian Miller

Unit D-East F-22

Delaware Correctional Center

1181 Paddock Road

Smyrna, DE 19977

*OR*
*JAN 16 76*

Dear Mr. Miller:

Your letter was received at the American Board of Medical Specialties (ABMS) on March 28, 2005. The ABMS is the umbrella organization for 24 medical specialty boards. The main focus of ABMS and its 24 Member Boards is the process of certification of physician specialists in the United States.

The ABMS is not a referral service and does not give recommendations to patients. The ABMS does not process complaints or provide information regarding disciplinary actions that have been filed by the state. The ABMS can verify if a physician is certified by one of its 24 Member Boards.

The *Official ABMS Directory of Board Certified Medical Specialists*, which is available in many medical and public libraries, would be a useful resource to obtain more information regarding certification status of individual physicians. Also, the ABMS has a public education program which provides verbal verification of board certification at 1-800-CERT (776-2378).

In response to your questions:

1) There is no record of a Dr. Sitta Gombeh-Alie in the ABMS database.
2) Requirements of a Medical Director are determined by each health care organization. A health care organization can require certification but it is not the law.

It is hoped that this information is helpful to you and satisfactorily responds to your request.

Sincerely,

Sheldon H.

Sheldon D. Horowitz, M.D.
Associate Vice President

*This Document sir is for you to Check to see if any of the Nurses or Psychiatrists or Medical Doctors, had Legitimate Licences to Practice.*

**Members**
American Board of Allergy & Immunology
American Board of Anesthesiology
American Board of Colon & Rectal Surgery
American Board of Dermatology
American Board of Emergency Medicine
American Board of Family Medicine
American Board of Internal Medicine
American Board of Medical Genetics
American Board of Neurological Surgery
American Board of Nuclear Medicine
American Board of Obstetrics & Gynecology
American Board of Ophthalmology
American Board of Orthopaedic Surgery
American Board of Otolaryngology
American Board of Pathology
American Board of Pediatrics
American Board of Physical Medicine
    and Rehabilitation
American Board of Plastic Surgery
American Board of Preventive Medicine
American Board of Psychiatry & Neurology
American Board of Radiology
American Board of Surgery
American Board of Thoracic Surgery
American Board of Urology

**Associate Members**
Accreditation Council for
    Continuing Medical Education
Accreditation Council for
    Graduate Medical Education
American Hospital Association
American Medical Association
Association of American Medical Colleges
Council of Medical Specialty Societies
Educational Commission for
    Foreign Medical Graduates
Federation of State Medical Boards of U.S.
National Board of Medical Examiners

**Public Members**
L. Edward Bryant, Jr., Esq.
Lloyd B. Morgan
Rosemary A. Stevens, Ph.D.

**Officers, 2004-2005**
Harvey W. Meislin, M.D.
    Chair
Cynda A. Johnson, M.D., M.B.A.
    Vice Chair
Joel A. DeLisa, M.D., M.S.
    Secretary-Treasurer

**Staff**
Stephen H. Miller, M.D., M.P.H.
    President and CEO
Sheldon D. Horowitz, M.D.
    Associate Vice President
Julie J. Mohr, MSPH, Ph.D.
    Director of Research
Robert G. Nelson, M.B.A.
    Director of Business Development
Alexis L. Rodgers
    Director of Operations & Publications
Todd J. Tischendorf
    Director of Information Services &
    Systems Development

G:\GENERAL CORRESPONDENCE\Corres 2005\Res ltr - Miller,J, cert verification 03-29-05.doc

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANGELO CLARK,                                 :
                                              :
          Plaintiff,                          :
                                              :
     v.                                       :     C. A. No. 06-465 - SLR
                                              :
REGIONAL MEDICAL FIRST                        :     TRIAL BY JURY OF
CORRECTIONAL,                                 :     TWELVE DEMANDED
MANAGER ANGELA WILSON, AND                    :
CORRECTIONAL MEDICAL SERVICES,                :
                                              :
          Defendants.                         :

## NOTICE OF SERVICE

I, Patrick G. Rock, Esquire  hereby certify that on this 2nd day of October, 2007, two

copies of the attached Notice of Motion and Motion for Summary Judgment and Motion to Dismiss

were served by postage pre-paid first class mail upon the following individual:

Inmate Angelo Clark, *Pro Se*
SBI #123209
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Patrick G. Rock, Esquire
Patrick G. Rock, Esquire (4632)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant CMS*

DE092271.1