Angelo Lee Clark  
Delaware Psychiatric Center  
Jane E. Mitchell Building 1901  
North Dupont Hwy. 19720  

Case NO: 1: 06-465-S.L.R.

    Plaintiff  
    V,

Regional Medical First  
Correctional,  
Manager Angela Wilson, and  
Correctional Medical Services,  
Defendants,

July 2, 2008

Re: Letter to Honorable Sue L. Robinson in reference to complaints in exhibits in this current litigation in the aforementioned heading.

Exhibit complaint;
  A. (D.I. 10, 12, 14), (D.I. 13) sealed.
  B. Ann tit. 10 @ 3103 (C).

### 42. U.S.C. Civil Rights Violation @ 1983 Statement of facts;

1. The rights to receive medical care Fred Cohen, Captives' Legal Rights to Mental Health Care, 17 Law & Psychology Rev 1(1993).
2. Young v. City of Augusta, Ga. through DeVaney, 59 F.3d u60, 32 Fed. R. Serv. 3d1438 (11th Cir. 1995) (Holding that if city policy makers were aware of problems regarding mental illness in prison and failed to draft policy which addressed these concerns they would be liable).
3. 522 F.2d 71 (5th Cir. 1975) Lightfoot U. Walker, 486 F. Supp. 504, 521-22, (S.D. Ill. 1980) (not enough counselors, clinical psychologists, and need tow full-time psychiatrists for 2,650 facility): Feliciano vs Barcelo 497 F. Supp. 14, 38 9D.P.C. 1979) (Court will not order specific number of staff but it should be obvious " that institutions need a full time director of psychiatric services.")
4. Madrid vs Gomez, 889 F. Supp. 1146 (N.D. Cal. 1995), Mandamos denied, 103 F.2d 828 (9th Cir. 1996) (holding that substandard conditions in security housing unit, which contained the most troubled and violent inmates, created a self-prepetuating



1. Due to the movants history of mental illness the stay in the SHU is unwarrated because DCC has a special needs unit also access to the Delaware Psychiatric Center.
2. Under the 8th amendment, it has been noted that mentally ill prisoners do not fair well in the Super Max Facilities IE and SHU to this date and time the courts recognize the need for adequate Mental Health Treatment governed by Federal Law under the rights of prisoners.
3. In acknowledgement of writ of law pursuant to the law of the land that mentally-ill prisoners often kill themselves, or have numerous suicide attempts, or inflict bodily harm upon themselves.
4. Solitude confinement has never proved to be an answer for dealing with the mentally-ill because they are under more anxiety caused by the confinement itself without merit. Extensive harsh treatment as such proves to be cruel and unusual. When the institution deems and diagnoses a person as being mentally-ill is deliberate indifference.
5. A self-inflicted injury is or as a direct result of non-compliance to the Hippocratic Oath to do no harm. Mentally-ill patients often need direct supervision. Thus not the policy and or procedure carried out in S.H.U.
6. A unstable person placed in a "Super Max" housing unit left to his own devices creates a problem, for proper medical and mental health staff.
7. Policy versus the human element gives way to degradation and degeneration of the psyche and thus physical harm to oneself is termed to be the way out. As committed persons to these institutions there has to be a medium between crime and punishment and rehabilitative measures.
8. When an infraction or fallacy in treatment takes place with the mentally-ill the burden of proof lye within the movents claim. However, the records v. policy and procedure speak for itself. In receipt of movents claim the penal system Denys the prisoner/patient access to his/her mental health and medical records to protect the "entity" known as D.C.C., D.O.C., from suit.
9. When psychotropic meds. are administered, to state that side affects are expected or should be acceptable to deal with disorders, is seriously not conducive to the treatment needs of the incarcerated mentally-ill when nothing as far as psycho-therapy in support of the medications takes place.
10. When medications supersede therapy, and or more medications are administered to deal with "alleged' disorders and or possible miss-diagnosis causing physical determination of ones circulatory system, and or symptomatic failure in regards to heart and or brain damage. Thus in support of the 8th amendments is torture and experimentations causing to wit deliberate indifference gross negligence and systematic pre-meditated murder. To the point of cruel and unusual punishment.

**Cases supporting movents claims;**

    A. The right to recieve medical care Fred Cohen, Captives' Legal Rights to Mental Health Care, 17 Law & Psychology Rev 1 (1993).
    B. Young v. City of Augusta, GA. Through DeVaney, 59 F.3d 1160, 32 Fed. R. Serv. 1438 (11th Cir. 1995) (holding that if city policy makers were

aware of problems regarding mental-illness. in prison and failed to draft policy which addressed these concerns they would be liable).

C. 522 F.2d. 71(5th Cir. 1975; Light foot u.Walker, 486 F. Supp. 504, 521-22, (S.D. Ill. 1980) (not enough counselors, clinical psychologists, and need two full-time psychiatrists for 2,650 inmate facility); Felciano b. Barcelo, 497 F. Supp. 14,38 (D.P.R. 1979) ( court will not order specific number of staff but "it should be obvious" that institutions need "a full-time director of psychiatric services')

D. Madrid v, Gomez, 889 F. Supp. 1146 (N.D. Cal. 1995), mandamus denied, 103 F.3rd 828 (9th Cir. 1996) (holding that substandard conditions in security housing unit, which contained the most troubled and violent inmates, created a self-perpetuating situation in which inmates deteriorated further due to lack of proper mental health care and guidance.

In support of summary judgment (D 1-112) In alliance with (D 1-72) etc.

**Under Civil Rights Violation, 42 @ U.S.C. 1983.**

Cruel & Unusual Inhuman Punishment and torture Gross negligence, experimentation as that of a lab rat and or research monkey for the medical vendors for the Department of Corrections for the State of Delaware. Also miss-diagnosis of mind body and soul. In afterward due to treatment complainant has to live with this illness and debilitating system failure at the hands of D.O.C. and C.M.S. under Regional Medical First Correctional Et-Al. The plaintiff is looking forward to bringing said case to the honorable courts if there can be no favorable outcome, after having the recorded time to come forward.

Pro Se Litigant

**Angelo Lee Clark**

# CERTIFICATE OF SERVICE

I, _Angelo Lee Clark_, hereby swear under penalty of perjury that I have rendered service of a true and correct cop(ies) of the attached:

_Letter An) Summary Judgement Brief for (D.112) (D.71)_
(Title or Type of Motion or Request)

upon the following person(s) and/or agency(ies):

Eileen M. Ford Marks
O'Brien & Cinathy PC
913 North Market Street
Suite 800 Wilmington DE
19801

Megan Trocki Mintzmine's
Marks O'Brien & Cinathy PC
913 North Market Street
Suite 800 Wilmington DE
19801

BY PLACING SAME IN A SEALED ENVELOPE, postage will be paid by the Delaware Department of Corrections/Pre-paid, and depositing same in the United States Mail at the Multipurpose Criminal Justice Facility, 1301 East 12th Street, Wilmington, Delaware.

On this _2nd_ day of _July_, 200_8_.

_Angelo Lee Clark_
(Your signature)



*Legal Mail*

Angela Lee Clark #S.B.L-123204
Delaware Psychiatric Center
Jane E. Mitchell Bldg
1901 North Dupont Hwy
New Castle, De 19720

FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE
2008 JUL -7  AM 9:22

The Clerk of The Court
Honorable Judge Sue L. Robinson Chambers!
United States District Court
844 North King Street - Lockbox #18
Wilmington, Delaware 19801-3570