## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANGELO CLARK,                      )
                                   )
              Plaintiff,           )
                                   )
      v.                           ) Civ. No. 06-465-SLR
                                   )
CORRECTIONAL MEDICAL SYSTEMS,)
                                   )
              Defendant.           )

---

Angelo Clark, Delaware Psychiatric Center, New Castle, Delaware.  Pro se Plaintiff.

Eileen M. Ford and Megan Trocki Mantzavinos, Esquires, Marks, O'Neill, O'Brien & Courtney, Wilmington, Delaware.  Counsel for Defendant.

---

**MEMORANDUM OPINION**

Dated: December 19, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Angelo Clark ("plaintiff"), a Delaware Department of Correction ("DOC") inmate housed at the Delaware Psychiatric Center ("DPC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  Presently before the court are cross-motions for summary judgment filed by plaintiff and defendant Correctional Medical Systems ("defendant') with supporting memoranda.  (D.I. 72, 112)  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and will grant defendant's motion for summary judgment.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983 seeking compensation for defendants' alleged deliberate indifference to his serious medical needs while he was incarcerated at the Delaware Correctional Center ("DCC"), now known as the James T. Vaughn Correctional Center ("VCC").  (D.I. 2)  He has filed several amendments.  His claim arises due to alleged inadequate medical care and denial of psychiatric treatment.  All other defendants were dismissed during the initial screening of the case.  (D.I. 16)

Plaintiff filed his complaint on July 26, 2006 while he was incarcerated at the DCC.  Initially, he alleged that he was given medication that caused nerve damage, had not seen a psychiatrist about his medication and, despite his complaints, was not being treated appropriately.  As the case progressed, plaintiff made additional allegations of poor health care, improper treatment of a heart condition, wrongful administration of medication, misdiagnoses, and that he contracted Hepatitis C from nurses who worked for defendant.  The record reflects that plaintiff has received treatment for

schizophrenia, bi-polar disorder, cardiac hypertension, gastroesophageal reflux disease, hyperlipidenia, and Hepatitis C. (D.I. 17, 31, 57)

As discussed, plaintiff was housed at the DCC when he filed this lawsuit. On January 25, 2007, he was admitted to the DPC pursuant to court order. He remained there until June 13, 2007. Following his return to the DCC, plaintiff was housed in the Security Housing Unit ("SHU") and followed by medical staff. (D.I. 57, Ex. B) Plaintiff was subsequently readmitted to the DPC in April 2008 and, to date, remains housed there. (D.I. 98)

Medical records indicate that Dr. Anthony Cannuli ("Dr. Cannuli") began providing plaintiff psychiatric treatment in February 2006 and continued to treat him on a regular basis through July 2007. (D.I. 57, ex. B) Dr. Cannuli's notes dated July 19, 2007, state that plaintiff was not a danger to himself, but that he had periods of decompensation[1] due to his failure to take his medication. *Id.* at Exs. B, H.

Medical records indicate plaintiff received medical and psychiatric treatment, and underwent diagnostic testing as follows: in May 2004; in 2006[2] on January 24, June 22, July 19, August 18, September 7, 8, 11, 12, 13, 15, 16, 17, 18, 19, 23, 25, 26, 27, and 29, October 2 and 12, November 2, 3, 6, 7, 8, 13, 26, and 30, and December 1, 20, and 28; in 2007 on January 4, 17, 24, 25, 26, 27, 28, 29, and 30, February 1, 13, and 20,

---

[1]Decompensation is the deterioration of mental health in a patient with previously maintained psychiatric illness, leading to a diminished ability to think and carry on daily activities. http://en.wikipedia.org.

[2]Progress notes indicate that plaintiff received treatment on other dates in 2006, but certain months and days are illegible. (D.I. 57, ex. C)

-2-

March 7, 18, 27, and 31, April 1, 2, 3,5, 6, 9, 10, 11, 12, 16, 17, 18, 20, 23, 26, and 30,

May 2, 3, 4, 7, 9, 13, 14, 17, 21, 25, 28, 29, and 30, June 6, 7, 12, 13, 14, 15, 16, 17,

18, 19, 20, 21, 22, and 23, July 4, 5, 10, 17, and 19, September 13, 14, 15, and 30, and

October 1; in 2008 on April 6 and 8 and June 9. (D.I. 8, 30, 31, 57, exs., 107, 109, 113,

115, 136) Plaintiff was hospitalized for heart ailments in October 2006 and April 2008

(D.I. 107, 115) He was administered various medications in September, October,

November, December 2006 and in January, February, June, and July 2007 (D.I. 57,

ex. K107, 115)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears

the burden of proving that no genuine issue of material fact exists. *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When

determining whether a genuine issue of material fact exists, the court must view the

evidence in the light most favorable to the nonmoving party and draw all reasonable

inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

"Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence

exists from which a rational person could conclude that the position of the person with

the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life*

*Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving

-3-

party then "must come forward with 'specific facts showing that there is a genuine issue

for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting

Fed. R. Civ. P. 56(e)).  However, a party opposing summary judgment "must present

more than just 'bare assertions, conclusory allegations or suspicions' to show the

existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d

Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  To survive a

motion for summary judgment, plaintiff cannot rely merely on the unsupported

allegations of the complaint, and must present more than the "mere existence of a

scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

(1986).  If the nonmoving party fails to make a sufficient showing on an essential

element of its case with respect to which it has the burden of proof, the moving party is

entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).

## IV. DISCUSSION

Defendant and plaintiff both seek summary judgment.  Defendant moves for

summary judgment on the grounds that it is impossible for plaintiff to demonstrate that it

has a policy or custom of deliberate indifference to plaintiff's serious medical needs.

Plaintiff objects to the motion, and argues that he was over-medicated by Dr. Cannulli,

that medical vendors (presumably defendant) for the DOC infected him with Hepatitis C,

that he underwent an operation due to the vendor's malpractice, defendant gave him rat

poison and psychtropic medications, all with the intent for plaintiff to either lose his mind

or end up dead.

Plaintiff moves for summary judgment on the grounds that defendant maliciously

-4-

treated him negligently to commit torture and cruel and unusual treatment.  (D.I. 112)
Defendant opposes plaintiff's motion and argues that plaintiff has set forth no facts,
other than his own allegations and belief, that defendant failed to provide plaintiff
adequate medical care.[3]

The Eighth Amendment proscription against cruel and unusual punishment
requires that prison officials provide inmates with adequate medical care. *Estelle v.
Gamble*, 429 U.S. 97, 103-105 (1976).  However, in order to set forth a cognizable
claim, an inmate must prove (1) a serious medical need and (2) acts or omissions by
prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429
U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is
deliberately indifferent if he knows that a prisoner faces a substantial risk of serious
harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511
U.S. 825, 837 (1994).  A prison official may manifest deliberate indifference by
"intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S.
at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long
as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140
(2d Cir. 2000).  An inmate's claims against members of a prison medical department are
not viable under § 1983 where the inmate receives continuing care, but believes that
more should be done by way of diagnosis and treatment and maintains that options
available to medical personnel were not pursued on the inmate's behalf. *Estelle v.*

---

[3]Plaintiff replies that his affidavits support his position.  (D.I. 127)

*Gamble*, 429 U.S. 97, 107 (1976).

Plaintiff cannot escape the fact that the medical record is replete with medical notes evidencing that plaintiff was treated time and time again for his mental and medical conditions.  Plaintiff may not have agreed with the type of treatment afforded him, but nothing in the record indicates that the treatment rendered was not reasonable.  And while plaintiff argues that he was misdiagnosed and received substandard care, the claims do not establish a Constitutional violation.  *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations ornitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

Finally, in order to establish that defendant s directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [Correctional Medical System] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).  Plaintiff produced no such evidence.

There are no genuine issues of material fact as the record does not support a finding of deliberate indifference to a serious medical need.  For the above reasons, the the court will grant defendant's motion for summary judgment and will deny plaintiff's motion for summary judgment.

## V. CONCLUSION

The court will grant defendants' motions for summary judgment and will deny

-6-

plaintiff's motion for summary judgment.  An appropriate order will issue.